El Pueblo, Demandante y Apelado, *v.* Aponte, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por atentado a la vida.

No. 1249.—Resuelto en julio 18, 1918.

Repreguntas—Extralimitación de Facultades.—El poder de una corte para impedir que se repitan las mismas preguntas, está bien reconocido. El juez debe velar porque el examen de los testigos sea llevado a efecto de modo ordenado, y una gran discreción se le confiere para controlar dicho examen. Pero la corte no puede extralimitarse en sus facultades y negar al acusado el derecho fundamental de repreguntar a los testigos que le reconoce el artículo 11 del Código de Enjuiciamiento Criminal, en su número 4.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Antonio Trujillo.*
Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Nolasco Aponte fué acusado porque "allá el día 25 de abril de 1917, en San Juan, que forma parte del distrito

judicial del mismo nombre, ilegal, voluntaria y maliciosamente, de una manera deliberada, premeditada y alevosa acometió y agredió con intención de matarlo a Félix Agosto, con un pedazo de hierro de más de quince libras de peso, infiriéndole una herida contusa en la parte occipital de la cabeza, de carácter grave.'' Aponte alegó que no era culpable y solicitó juicio por jurado. El juicio se celebró y el jurado lo declaró culpable, condenándolo luego la corte a sufrir cinco años de presidio con trabajos forzados. El acusado entonces interpuso el presente recurso de apelación.

Declarando el testigo Juan Rodríguez, policía insular, ocurrió lo que sigue:

''La defensa hace al testigo la siguiente pregunta: ¿Cuántos minutos antes de los acontecimientos vió Ud. al acusado? Y el fiscal se opone por haber sido ya contestada la pregunta. La corte desestima la pregunta por haber sido ya contestada, y la defensa tomó excepción. La defensa formula esta pregunta: ¿Hacia dónde vió Ud. ir al acusado antes del accidente? Y la corte niega la pregunta por haber contestado sobre ese extremo. Y formula la defensa esta otra pregunta: ¿Dónde vió Ud. al acusado antes del accidente? El fiscal se opone a la pregunta, la corte no la admite y la defensa toma excepción. La defensa hace la siguiente pregunta: Después que vió Ud. el accidente, al volver Ud. al sitio, ¿a qué distancia del herido encontró Ud. ese hierro? El fiscal se opone a la pregunta por estar contestada, la corte la niega y la defensa toma excepción. Inmediatamente formuló esta pregunta: ¿Alguien le entregó ese hierro o Ud. lo encontró? El fiscal se opone por estar contestada y la corte la niega, tomando excepción la defensa.''

Convenimos con el fiscal en que el poder de una corte para impedir que se repitan las mismas preguntas, está bien reconocido. El juez debe velar (38 Cyc. 1315) porque el examen de los testigos sea llevado a efecto de modo ordenado, y una gran discreción se le confiere para controlar dicho examen. ''Completas y escudriñadoras repreguntas deben permitirse,'' dijo la Corte Suprema de Georgia en el caso de *Alabama Const. Co.* v. *Continental Car,* 62 S. E. 160, 162, ''pero esto no quiere decir que el abogado tenga un derecho

sin restricción alguna a repetir preguntas hechas a un testigo. El juez puede restringir las repeticiones inútiles e innecesarias.''

Pero hemos examinado detenidamente la declaración del testigo de que se trata, y hemos llegado a la conclusión de que las repreguntas que el abogado del acusado pretendió hacerle, no habían sido en realidad de verdad hechas ni contestadas anteriormente. Y siendo esto así, es evidente que la corte de distrito se extralimitó en sus facultades y negó al acusado el derecho fundamental que le reconoce el artículo 11 del Código de Enjuiciamiento Criminal, en su número 4.

En tal virtud debe revocarse la sentencia recurrida, ordenándose la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenada la*
> *celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.