El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel González Segarra, acusado y apelante.

No. 2690.—*Visto:* Junio 9, 1926. *Resuelto:* Julio 9, 1926.

1. Derecho Penal—Objeciones a la Evidencia, Mociones para Eliminar y Excepciones—Tiempo Oportuno para Hacer la Objeción—Objeción a Manifestaciones ya Hechas por el Testigo.—Cuando la manifestación de un testigo ya está hecha al hacerse objeción a la misma, dicha objeción es tardía.

2. Testigos—Privilegio de Testigos—Renuncia de Aquél—Personas Procesadas por Delitos—Acusado que Declara en su Propio Interés.—Un acusado no está obligado a declarar contra sí mismo, pero si usa su privilegio de declarar en su propio interés, él se somete a todas las disposiciones que regulan el examen directo y de repreguntas de testigos y su privilegio entonces no es mayor que el de cualquier otro testigo.

3. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Errores no Perjudiciales—Perjuicios al Acusado—Repregunta no Relacionada con el Examen Directo.—Asumiendo una repregunta hecha a un acusado no tenga relación con el interrogatorio directo, su admisión no constituye error cuando no aparece demostración alguna que de ella resultara algún perjuicio al acusado.

4. Estorbo *(Nuisance)*—Estorbos Públicos—Procesos Criminales—Obstrucción de Calles—En General.—Dependiendo de las circunstancias que concurran si la instalación de un tanque y bomba de gasolina en la acera de una calle constituye o no un estorbo público, dentro de las de este caso

*se resolvió:* que la instalación hecha por el acusado era una obstrucción y estorbo al libre tráfico del público y dicho acusado será culpable bajo el artículo 329 del Código Penal.

Sentencia de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito contra la salud y seguridad pública (infracción al artículo 329 del Código Penal). *Confirmada.*

*Buenaventura Esteves,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La corte inferior en grado de apelación impuso al acusado $2 de multa por instalar una bomba para la venta de gasolina en la calle "Comercio" de Lares, obstruyendo el libre tránsito del vecindario.

I. Los dos primeros errores que señala el apelante se refieren a la prueba y pueden considerarse conjuntamente.

(*a*) Estando declarando José Márquez Seín, Alcalde de Lares, manifestó que el acusado una vez había pedido permiso a la asamblea municipal para instalar una bomba frente al edificio que él ocupa, hacía cosa de año y medio. A esto se opuso el acusado, pero su objeción fué tardía pues ya la manifestación estaba hecha y nada aparece que hiciera moción alguna para que se eliminara del récord.

[2, 3] (*b*) El acusado declaró y ya cuando había terminado el interrogatorio a preguntas de su abogado, el fiscal le preguntó: "¿Hace año y medio Ud. pidió permiso al municipio para instalar una bomba?" La defensa se opuso y su objeción se fundó más bien en que la pregunta no fué objeto de interrogatorio directo. Cita en su apoyo el apelante el artículo 2, inciso 3, de nuestra Ley Orgánica, que prescribe que ninguna persona será obligada en ninguna causa criminal a ser testigo contra sí mismo y sostuvo que el haber permitido al fiscal que hiciera del acusado "un arma contra sí mismo," constituye una violación de aquel precepto constitucional. El acusado no está obligado a declarar contra sí mismo, artículo 7 del Código de Enjuicia-

miento Criminal, pero la ley al mismo tiempo le da el privilegio de declarar en su propio interés y si se decide a hacerlo, él se somete a todas las disposiciones que regulan el examen directo y de repreguntas de testigos. Su privilegio no es mayor que el de cualquier otro testigo. Él abandona, mientras declara, el carácter de parte interesada y toma el de un testigo. *Clark* v. *Reese,* 35 Cal. 89; *People* v. *Beck,* 58 Cal. 212, 214.

Asumiendo, por otro lado, que la repregunta no tuviera relación con el interrogatorio directo, no aparece demostración que de ella resultare algún perjuicio para el acusado.

[4] II. Por este error se discute la apreciación de la prueba. Ésta demuestra en síntesis que el acusado, sin autorización alguna, colocó un tanque con su bomba para la venta de gasolina en una acera de la calle principal de Lares, ocupando un espacio de la acera como de 18 pulgadas, cuando su ancho total es de 48 pulgadas, quedando un trecho de 30 pulgadas para el tránsito de personas.

El artículo 329 del Código Penal, tal como fué enmendado por la Ley No. 60 de marzo 7 de 1912, prescribe:

"Art. 329.—Todo lo que fuere perjudicial a la salud, indecoroso u ofensivo a los sentidos, o que obstruyere el libre goce de alguna propiedad de modo que estorbare el bienestar de toda una sociedad o vecindario, o un gran número de personas, o que ilegalmente obstruyere el libre tránsito, en la forma acostumbrada, por cualquier lago, río, bahía, corriente, canal o cuenca navegable, o por cualquier parque, plaza, calle o carretera pública, constituye un estorbo público (nuisance); *Disponiéndose* que la emisión de humo de las empresas manufactureras útiles, excepto en los municipios de la Clase I, no se considerará ni se tendrá como estorbo público a menos que resulte afirmativamente de la prueba presentada ante la Corte, que afecta perjudicialmente la salud de considerable número de personas; *Disponiéndose, además,* que nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba a los concejos municipales de todos los municipios de la Isla la adopción de ordenanzas municipales requiriendo que dichas empresas manufactureras usen y empleen medios adecuados para impedir la innecesaria emi-

sión de humo, cenizas y hollín, en detrimento y perjuicio de los vecinos de las ciudades y pueblos; y nada de lo contenido en esta Ley se interpretará en el sentido de eximir a los dueños de lás expresadas empresas manufactureras de responsabilidad por infracción de dichas ordenanzas municipales.''

Estamos de acuerdo con el apelante que la instalación de un tanque con su bomba para la venta de gasolina no constituye un estorbo público *(nuisance) per se.* Depende de las circunstancias que concurran y dentro de las de este caso, parece claro que la instalación del tanque y bomba hecha por el acusado es una obstrucción y estorbo al libre tráfico del público.

La Corte Suprema de California en el caso de *Marini* v. *Graham,* 67 Cal. 130, interpretando el artículo 370 del Código Penal de aquel estado, equivalente al 329, pues este precepto en la enmienda de que fué objeto, en lo substancial no ha sido variado, dice:

''Las aceras de una calle pública de una ciudad son partes de la calle. Cualquier obstrucción de la acera es, por consiguiente, una obstrucción de la calle y un estorbo público; pero es un estorbo público porque interviene con el libre uso de la calle por los viandantes en general, y no solamente por alguna persona en particular; es, por tanto, una ofensa contra el público, que es corregible únicamente por el público y no se puede demandar por tal ofensa, excepto cuando un individuo ha sufrido algún daño especial que exceda lo que sea común a él con el resto del público.''

Y en el de *Taylor* v. *Reynolds,* 92 Cal. 573, asimismo declara:

''La obstrucción de una calle o acera en una ciudad es un estorbo público, y una persona que mantenga dicho estorbo es culpable de un *misdemeanor* bajo el precepto del Código Penal. . . . .

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*