EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN JUARBE, conocido por PUCHO JUARBE, acusado y apelante.

No. 2940.—*Visto:* Abril 5, 1927.  *Resuelto:* Noviembre 30, 1927.

1. DERECHO PENAL—JUICIO—ARGUMENTACIÓN Y CONDUCTA DE LOS ABOGADOS—DISCURSO DE APERTURA DEL CASO—ALCANCE DEL MISMO—MINISTERIO PÚBLICO.— El fiscal del distrito tiene derecho, en el discurso de apertura del caso, a aludir a los hechos que necesariamente rodearon el supuesto delito, aunque algunos no integren el delito.

2. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—SU ADMISIBILIDAD EN GENERAL— EDAD DE LA PERJUDICADA.—El hecho de que se dejara de informar el nacimiento de una persona al registro civil dentro del período estatutorio no hace que la inscripción sea absolutamente nula e inadmisible.

3. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—SU ADMISIBILIDAD EN GENERAL— EN GENERAL—ACTOS DEL ACUSADO PARA LLEVAR A CABO SU PROPÓSITO.—En proceso por violación, el permitir a la perjudicada declarar sobre el uso de violencia y drogas por el acusado para llevar a cabo su propósito no constituye error; tales actos forman parte del *res gestae,* son admisibles y el acusado puede protegerse por las instrucciones.

4. TESTIGOS—DEL EXAMEN—MODO DE TOMAR EL TESTIMONIO EN GENERAL—PREGUNTAS CAPCIOSAS O SUJESTIVAS—DISCRECIÓN JUDICIAL.—Cuando en caso de violación la supuesta ofendida, por pudor u otro motivo semejante, deja de expresarse plenamente, la corte no abusa de su discreción al permitir preguntas capciosas o sujestivas.

5. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—REVISIÓN—ERRORES NO PERJUDICIALES—INSTRUCCIONES AL JURADO—EN GENERAL.—Pequeñas equivocaciones en las instrucciones no serán revisadas en apelación cuando no producen perjuicio al apelante y especialmente cuando las instrucciones dadas, en su totalidad, demuestran su corrección.

6. VIOLACIÓN—PROCESO Y CASTIGO—APELACIÓN—REVISIÓN.—Cuando la prueba de corroboración no es muy fuerte—presencia del acusado en la escena del delito acompañada de otras circunstancias de poco peso—y, terminada la prueba del Pueblo no se solicita un veredicto y el acusado con su prueba aumenta el peso de la de corroboración, éste no puede quejarse en apelación de la insuficiencia de la prueba de cargo en cuanto a ese extremo.

7. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—SUFICIENCIA DE LA PRUEBA—CORROBORACIÓN DE LA DECLARACIÓN DE LA OFENDIDA—EN GENERAL.—La prueba de corroboración no tiene que ser muy fuerte.  En este caso la corte examina los hechos para encontrar la corroboración bastante.

8. DERECHO PENAL—SOLICITUD DE INSTRUCCIONES—NEGATIVA DE LA CORTE A INSTRUIR—INSTRUCCIÓN MUY AMPLIA.—En proceso por violación—perjudicada menor de catorce años—en que se ha hecho uso de violencia y drogas, la negativa de la corte a instruir al efecto de que el jurado debía prescindir de los hechos relativos al uso de tal violencia o drogas, no es error, por ser demasiado amplia, ya que el jurado tiene derecho a considerar todas las circunstancias concurrentes y especialmente cuando se ha instruído sobre el hecho de que la culpabilidad del acusado no surgía en el caso del uso de violencia o narcótico.

9. REGISTRO CIVIL—CERTIFICACIONES—ATAQUE EN JUICIOS.—Si un registro parroquial puede propiamente ser ofrecido para contradecir una certificación del registro civil con relación a la fecha del nacimiento, *quaere.*

10. DERECHO PENAL—SOLICITUD DE INSTRUCCIONES—NEGATIVA DE LA CORTE A INS-
TRUIR—EN GENERAL.—En proceso por violación técnica, la corte denegó ins-
trucción, sobre el peso probatorio de una certificación del Registro Civil y
el que ésta podía ser impugnado por otra del Registro parroquial. Bajo las
circunstancias concurrentes, *se resolvió:* que no hubo error ni perjuicio en la
negativa.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado
por delito de violación. *Confirmada.*

*E. González Mena, J. B. García Méndez* y *J. Valdejulli,* abogados
del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

En este caso, tomando en consideración el informe del
juicio por sí mismo, hubo suficiente prueba tendente a de-
mostrar que el acusado tuvo comercio carnal con una niña
menor de catorce años de edad. Por tanto, si no hubo error
en la admisión o exclusión de la prueba, el acusado era cul-
pable de violación de acuerdo con el estatuto. Con una re-
serva similar, hubo suficiente corroboración de la declara-
ción de la perjudicada. El acusado, sin embargo, tomó va-
rias excepciones a la admisión o exclusión de prueba, así
como a las instrucciones. Se señalan trece errores en ape-
lación.

[1] Se hizo objeción al discurso del fiscal al abrir su
caso. El le manifestó al jurado, entre otras cosas, que es-
peraba probar ciertos actos de violencia de parte del acu-
sado cometidos al tiempo de la supuesta violación de la
niña, incluyendo administración forzosa de un narcótico.
Necesariamente, cualquier cosa que el acusado hiciera para
llevar a cabo su alegado propósito formaba parte del *res
gestae,* inseparable de los otros hechos del caso excepto por
instrucciones adecuadas. Aunque el acusado sería culpable
bien se hiciera uso de la violencia o no, el fiscal de distrito
tiene derecho a aludir a los hechos que necesariamente ro-
dearon el supuesto delito. La prueba podría ser necesaria
para imprimir verosimilitud a las manifestaciones de la
ofendida o de alguno de los otros testigos. El acusado

puede siempre protegerse solicitando una instrucción de la
corte si los actos de violencia alegados no forman en reali-
dad parte del delito.   En verdad, la corte instruyó al jurado
a este respecto y se atacan las instrucciones bajo otro se-
ñalamiento de error.   Esto resuelve el primer señalamiento
de error.

[2] Era indispensable probar que la perjudicada tenía
menos de catorce años de edad.   Para cumplir con este re-
quisito el Gobierno ofreció en evidencia un certificado del
registro civil.   El acusado formuló varias objeciones, las
cuales son objeto del segundo señalamiento de error.   En
primer lugar, la ley requiere que después de un nacimiento
debe rendirse informe sobre el mismo al registro dentro
de sesenta días.   La inscripción en este caso fué hecha se-
senta y dos días después del nacimiento.   Sin embargo, el
asiento existía.   Aunque abrigamos algunas dudas, el ape-
lante no nos convence de que el hecho de que se dejara de
informar sobre el nacimiento dentro del período estatutorio
hace que la inscripción sea absolutamente nula.   El dejar
de inscribir a tiempo puede condonarse bajo ciertas circuns-
tancias.   Creemos que incumbía al acusado probar que los
padres no caían dentro del privilegio que la ley confiere a
las personas que incurren en dilación.   Más particularmente,
no estamos convencidos de que un asiento del registro ci-
vil pueda ser atacado de este modo en un juicio.   El dejarse
de inscribir a tiempo no puede ocasionarle nada más que
una demora a la parte interesada y posiblemente someterla
a alguna clase de multa o a un pago adicional o a alguna
prueba sobre el nacimiento.   Parecería que el ataque al re-
gistro debe hacerse directamente.   De todos modos, la ma-
nifestación del registro sólo constituye prueba *prima facie.*

Asimismo se opuso el acusado a la admisión del certifi-
cado porque sostenía que en realidad no era prueba sobre
el nacimiento de la perjudicada sino de algún otro niño,
toda vez que el apellido inscrito era Arce y Sostrén, mien-
tras que el nombre de la perjudicada era Arce y Ugarte.

El apellido de la perjudicada era, aparentemente, Arce y Ugarte, y a él se refirió en esa forma la defensa misma en alguna parte del juicio. El certificado era prueba *prima facie,* y según lo indicó la corte inferior, el acusado tendría amplia oportunidad para presentar otra evidencia para demostrar que el certificado que se había introducido por el Gobierno no era un reflejo cierto de la edad de la perjudicada. Tampoco estaba obligada la corte a aceptar como un hecho lo que aparecía de un asiento bautismal presentado en evidencia por el acusado.

[3] El tercer supuesto error consistió en permitir la corte que la perjudicada declarara sobre el uso de violencia o de drogas. Esta objeción cae dentro del mismo razonamiento considerado al resolver el primer señalamiento de error.

[4] La corte permitió que el fiscal de distrito interrogara a la perjudicada así: "¿El le introdujo alguna parte de su cuerpo de él en alguna parte de su cuerpo?" Indudablemente que ésta era una pregunta sugestiva y, bajo casi todas las circunstancias sería error admitirla. La testigo, bien debido a pudor o ignorancia parcial había dejado de exponer los hechos físicos a pesar de los varios esfuerzos del fiscal de distrito para dilucidar la verdad. La testigo había manifestado que el acusado había abusado de su honor. La corte entonces, después de alguna discusión, permitió la pregunta directa. El permitir una pregunta sugestiva o capciosa cae, de acuerdo con el artículo 153 de la Ley de Evidencia, dentro de la sana discreción de la corte, y el apelante no nos convence de que se abusara de tal discreción.

[5] La corte, en sus instrucciones al jurado, hizo referencia, de paso, a la perjudicada como "la joven que se presumía violada." Lo que la corte posible o probablemente quiso decir fué: "la joven que se suponía haber sido violada." La corte no estaba instruyendo al jurado que había alguna presunción de que la niña fué violada, y el

resto de las instrucciones tiende a demostrar lo contrario. Sin embargo, la ley es que una niña menor de catorce años que tiene relaciones sexuales con un hombre ha sido violada. Hubo la declaración indisputable de un médico de que la niña había tenido relaciones sexuales con un hombre que necesariamente, desde luego, no tenía que ser el acusado. No hubo error ni perjuicio.

[6, 7] Era una cuestión para ser resuelta por la corte si hubo o no alguna prueba para corroborar la declaración de la perjudicada. Hubo las declaraciones de dos testigos tendentes a demostrar que ellos oyeron un alboroto en la casa de la perjudicada, que oyeron los gritos de ''Ay, papá! Ay, mamá!'' y que posteriormente vieron al acusado salir de la referida casa. Las autoridades demuestran que la mera presencia del acusado en la escena del delito no es generalmente suficiente corroboración. Claramente, aquí hubo algo más, y el requisito de la corroboración jamás necesita ser muy fuerte, porque tal requisito sería generalmente imposible. Además, ésta era una casa de campo en que el demandante no tenía que efectuar ningún negocio particular ni vivía en el vecindario.

Esto resolvería el sexto señalamiento de error. Pero hay otra consideración que quizás es aplicable. No se pidió a la corte que ordenara al jurado traer un veredicto al terminar la prueba del fiscal. Una de las defensas, además de la negativa general, fué alegar una coartada. El acusado, al ocupar la silla testifical, negó que estuviera presente en la casa, y negó que en realidad conociera a la perjudicada. Bajo esas circunstancias, se aumentó el peso de la prueba de corroboración.

[8] Creemos que la corte estuvo justificada al negarse a dar la siguiente instrucción: ''La corte os instruye que al considerar la prueba presentada en este caso debéis prescindir por completo de los hechos relativos a violencia o al uso de cualquier droga o narcótico, pues tales hechos ni tienen ni pueden tener relación con el delito que se imputa

al acusado.'' La instrucción solicitada era demasiado amplia. Para ciertos fines, y especialmente el de la veracidad y otros parecidos, el jurado tiene derecho a tomar en consideración todas las circunstancias. La instrucción debió haber sido que la culpabilidad del acusado no surgía del uso de violencia o de narcóticos, y tal instrucción fué dada por la corte; quizás se extendió algo más.

[9, 10] La corte se negó a dar la siguiente instrucción: ''La corte os instruye que el acta de nacimiento del Registro Civil es prueba *prima facie* de tal nacimiento, pero la misma puede ser impugnada con la certificación del bautismo expedida por un funcionario de la iglesia, o por cualquier. otra prueba.''

El apelante admite que según el documento del registro parroquial que él ofreció como prueba la niña no había cumplido aún catorce años a la fecha en que el delito se dice cometido en la acusación. Alega, no obstante, que el acto de que se le acusa, según la declaración del médico, pudo haberse cometido en agosto del 1925, cuando de conformidad con el certificado bautismal la niña tenía más de catorce años. Toda la prueba tendió a demostrar que la supuesta violación, de haberse cometido, tuvo lugar en el mes de junio. De suerte que el acta de bautismo en forma alguna tendía a contradecir el hecho que se trataba de probar con la certificación del registro civil de que la niña en realidad era menor de catorce años. Bajo estas circunstancias no vemos que se cometiera error y ciertamente no hallamos perjuicio alguno al negarse a dar la instrucción solicitada. Tenemos algunas dudas de si el registro parroquial puede propiamente ser ofrecido para contradecir una certificación del registro civil con relación a la fecha de un nacimiento, pero no es necesario que resolvamos esa cuestión en el presente caso.

Sin embargo, bajo los señalamientos de error décimo y undécimo el apelante se queja de la instrucción dada por la

corte respecto al efecto del artículo 320 del Código Civil. Este artículo dice así:

"Artículo 320.—Las actas del registro serán la prueba del estado civil, la cual sólo podrá ser suplida por otras en el caso de que no hayan existido aquéllas o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscite una contienda."

La corte admitió el certificado bautismal y meramente dijo al jurado que el artículo 320 no había sido derogado y que una inscripción en el registro civil era prueba *prima facie* del nacimiento de una persona. La corte dijo expresamente que una inscripción del registro civil podía ser contradicha. Tampoco hallamos que se cometiera error.

Hallamos que las instrucciones en cuanto a la corroboración son suficientes.

No vemos que se cometiera error, ni perjuicio alguno en verdad, al negarse la corte a dar instrucciones sobre acometimiento y agresión. El delito imputado era la violación de una niña menor de catorce años de edad. El delito de acometimiento y agresión no entra en realidad en esta clase de delitos.

La declaración de la perjudicada fué clara. En cuanto a la desfloración misma, ella fué corroborada fuertemente por el médico, y el jurado tenía derecho a declarar culpable al acusado fundado en la declaración de la perjudicada como corroborada. Por estas razones no importa que los efectos de la supuesta droga fueran dudosos o de que la perjudicada fuera tardía, y esperara seis meses para darle cuenta a su mamá de lo ocurrido. La testigo explicó que no dijo nada por temor a las amenazas del acusado. Al jurado incumbía resolver éstas y otras supuestas contradicciones.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.