El Pueblo de Puerto Rico, demandante y apelado, v. Manuel Méndez González, acusado y apelante.

No. 4115.—*Sometido*: Mayo 23, 1930. *Resuelto*: Junio 27, 1930.

*José Veray Jr.*, abogado del apelante; *R. A. Gómez*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

█ Manuel Méndez González fué convicto del delito de violación y alega que la corte de distrito cometió error al permitir al fiscal hacer ciertas preguntas sugestivas durante el examen directo de la perjudicada. Debido a la natural modestia y embarazo esta testigo había demostrado una marcada renuencia y poca disposición a manifestar en términos inequívocos un hecho esencial. Después de haber presentado el fiscal una moción, y antes de haber sido declarada con lugar, el juez de distrito mismo había tratado, sin éxito, de traer a la luz la información deseada. No hubo abuso de discreción y por tanto no se ha cometido error que dé lugar a la revocación al permitirse que se recurriera al método usual y de sentido común de averiguar la verdad en tales circunstancias. 2 Wigmore on Evidence, párrafos 770, 774 y 778; *El Pueblo* v. *Arenas,* 39 D.P.R. 16.

█ Otra contención es que la corte de distrito cometió error al admitir prueba respecto a ciertas admisiones de culpabilidad antes de haberse corroborado la declaración de la perjudicada. A esto se contesta que la declaración de la perjudicada había sido suficientemente corroborada y que el *corpus delicti* ya había sido completamente establecido antes de haberse ofrecido como prueba la declaración relativa a estas admisiones.

La tercera contención es que el veredicto fué contrario a la prueba. Esta contención carece igualmente de mérito.

█ Una indicación algo más plausible es que el juez sentenciador erró al dar énfasis a la seriedad del delito mientras instruía al jurado. El juez tuvo cuidado de anteponer a sus observaciones una manifestación clara de que ellas no tenían que ver con la culpabilidad o inocencia del acusado, cuestión que debía ser resuelta por el jurado después de apreciar la prueba. En otra ocasión dijo con toda claridad al jurado que ellos eran los jueces de hecho. Las instruc-

ciones fueron razonables e imparciales. No revelan ninguna disposición de parte del juez sentenciador de invadir la jurisdicción del jurado. Violación es un grave delito y no se cometió ningún error que dé lugar a la revocación al llamar la atención del jurado hacia este hecho. *El Pueblo* v. *Boria,* 12 D.P.R. 170, y *El Pueblo* v. *Cruz,* 33 D.P.R. 201.

*La sentencia apelada debe ser confirmada.*