EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO GÓMEZ RAMOS, acusado y apelante.

No. 5187.—*Sometido:* Noviembre 9, 1933. *Resuelto:* Noviembre 29, 1933.

*José Veray, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Antonio Gómez Ramos, acusado de un delito de infracción

a la sección tercera del título segundo de la Ley Nacional de Prohibición, fué declarado culpable por un jurado en la Corte de Distrito de Aguadilla y condenado a sufrir la pena de tres meses de prisión. Contra esta sentencia interpuso el acusado recurso de apelación, y como base de la misma alega que la corte inferior cometió error al no permitir a la defensa hacerle algunas preguntas adicionales al policía Esteban Rodríguez, que declaró anteriormente, por entender que era para contradecir al otro policía Sr. Medina, y al aceptar el veredicto del jurado, por ser éste contrario a la prueba.

■■ El primer error se basa en que la corte no permitió a la defensa hacer algunas repreguntas al policía Esteban Rodríguez. Este testigo fué examinado por el fiscal en su interrogatorio directo y repreguntado por la defensa. El contrainterrogatorio fué completamente amplio. Rodríguez declaró que iba acompañado del policía Pablo A. Medina, cuando penetraron en una pieza de caña, donde encontraron al acusado manipulando un alambique. También declaró Medina que iba con el guardia Esteban Rodríguez, yendo éste detrás y el primero delante, a una distancia bastante cerca. Sobre este punto no observamos discrepancia en las manifestaciones de uno y otro testigo.

Terminado el interrogatorio del policía Medina y retirado el testigo, la defensa solicitó que se llamara nuevamente a declarar al policía Rodríguez y la corte así lo ordenó. Se preguntó al testigo por el abogado de la defensa si iba con Medina ese día, si estaban juntos o separados, y contestó que iban juntos. En este momento el fiscal se opuso al contrainterrogatorio por entender que se trataba de contradecir un testigo de cargo con otro testigo de cargo. Manifestó la corte que si se trataba de interrogar nuevamente al testigo a fin de hacerle preguntas tendentes a contradecir a un testigo de cargo con otro, la prueba no era permisible, añadiendo que la defensa podía hacer suyo al testigo cuando le tocase su turno y examinarlo sobre cualquier extremo que interesase. Manifestó entonces la defensa que no era su propósito con-

tradecir al testigo Medina, sino repreguntarle con respecto a con quién venía dicho testigo ese día o quién lo acompañaba.

Las preguntas de la defensa fueron contestadas por el policía Esteban Rodríguez, quien declaró anteriormente y cuando fué repreguntado, que ambos, Medina y él, iban juntos. La oposición surgió luego de haber sido contestadas estas preguntas. La corte tiene facultad discrecional para llamar nuevamente a un testigo después de haber sido examinado directamente y repreguntado por la defensa. Artículo 157 Ley de Evidencia. En este caso el tribunal *a quo*, haciendo uso de esa facultad discrecional, no permitió que el testigo que ya había sufrido con anterioridad un contrainterrogatorio extenso fuese repreguntado con mayor amplitud, para reiterar testimonio anteriormente producido. Hemos examinado cuidadosamente la prueba y aparte de que no damos importancia alguna a este incidente que no perjudica los derechos del acusado y que no puede ser motivo de revocación, opinamos que la corte actuó dentro del círculo de sus atribuciones. Si la defensa quiso oír nuevamente de labios del testigo con quién caminaba y quién le acompañaba, según manifestó a la corte y según se deduce de su pregunta, sus deseos quedaron satisfechos al contestar el testigo que Medina y él iban juntos.

Del caso de *People* v. *Keith,* 50 Cal. 139, copiamos lo que sigue:

"La única cuestión en el caso que presenta seria dificultad es si la corte abusó de su discreción al negarse a permitir que la defensa llamara nuevamente al testigo Price para ser repreguntado una vez más, a fin de sentar una base para el testimonio del testigo Rogers con respecto a las declaraciones de Price, demostrativas de hostilidad hacia el acusado. Ambos testigos se hallaban en la corte y la solicitud fué prontamente hecha antes de que el pueblo hubiese ofrecido prueba de refutación. En tales casos es ciertamente la mejor práctica conceder tal solicitud, a menos que la corte esté convencida de que lo que se desea es molestarla o de que se perdería el tiempo inútilmente. Mas necesariamente tales cuestiones deben descansar en gran parte en la discreción de la corte inferior; y no es la práctica nues-

tra intervenir en casos de esa índole a menos que haya habido un abuso claro de discreción. En este caso la declaración del testigo Price no difería materialmente de la de los otros testigos que se hallaban presentes al cometerse el asesinato ni de la relación que el acusado mismo hizo de la transacción, al momento de declarar. Además ya había alguna prueba en el caso que tendía fuertemente a demostrar hostilidad por parte de Price hacia el acusado y la Corte pudo razonablemente haber considerado que bajo estas circunstancias se perdería el tiempo infructuosamente si se permitía prueba adicional sobre este extremo. No podemos decir que éste fuera un abuso de discreción tal que exija la revocación de la sentencia.''

■ Se alega por último que la corte cometió error al aceptar. el veredicto del jurado, por ser éste contrario a la prueba. La única razón que se alega en apoyo de este error es que la prueba de cargo es contradictoria y sospechosa. El jurado, no obstante, apreció la prueba y rindió un veredicto de culpabilidad. No hay razón alguna para rechazar este veredicto, que estimamos además justificado por la evidencia sometida a la consideración del jurado.

*Debe confirmarse la sentencia apelada.*