EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS CRUZ MARTÍNEZ, acusado y apelante.

No. 5243.—*Sometido:* Abril 10, 1934. *Resuelto:* Abril 19, 1934.

*J. Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Luis Cruz Martínez fué convicto de delito contra natura y sostiene que la corte de distrito cometió error al admitir un certificado de nacimiento. El documento fué ofrecido como prueba con el objeto de demostrar que la víctima de las propensiones pederásticas del acusado era menor de catorce años de edad y por ende que no era un cómplice. El acusado se opuso a la admisión de esta prueba fundado en que la misma era irrelevante e impertinente. Creemos que la prueba era tanto relevante como pertinente. Véase 23 Cal. Jur. 399, 402, secciones 6 y 8.

Otra contención es que la corte de distrito cometió error al permitir que el fiscal hiciera cierta pregunta sugestiva a un médico que ya había declarado extensamente. La pregunta nunca fué contestada y no se tomó excepción a la

resolución de la corte. Si la pregunta hubiese sido contestada afirmativamente, la respuesta hubiese sido una mera repetición de lo que el testigo había dicho previamente sin ser preguntado por el fiscal de distrito y sin que los letrados de la defensa presentaran objeción alguna. El error, de haberse cometido, no fué perjudicial.

Mientras el mismo médico estaba en la silla testifical el acusado se opuso a parte de su declaración fundado en que ella se refería a un examen practicado algún tiempo después de la fecha en que se alegaba que el delito fué cometido. El fiscal manifestó que si el examen había sido practicado con anterioridad a la fecha del supuesto delito, testimonio relativo al resultado del mismo no hubiese tenido valor probatorio. El juez llamó la atención hacia el hecho de que el perjudicado había declarado respecto a actos cometidos durante un período de tiempo que se extendía hasta poco antes del examen practicado por el médico. Los letrados del acusado contestaron que se alegaba que los actos especificados en la acusación fueron cometidos en el mes de junio. El juez de distrito entonces expresó su opinión al efecto de que el delito había sido cometido en la primera ocasión al igual que en otras ocasiones. Mas los letrados del acusado insistieron en que la acusación se refería a la primera ocasión y no a la segunda ni a la tercera. El juez dijo que permitiría la pregunta y el acusado tomó excepción a esta resolución. La tercera contención del apelante es que la corte de distrito erró al manifestar que el delito había sido cometido tanto en la primera como en ocasiones subsiguientes. Se arguye que tal observación revelaba una actitud hostil hacia el acusado e indica que éste no tuvo un juicio justo e imparcial; el caso fué juzgado sin la intervención del jurado y aun si hubiese habido jurado no se tomó excepción alguna a la observación de referencia. Tampoco hallamos en esa observación nada que indique que el juez sentenciador fuese hostil o estuviese inclinado a ser injusto con el acusado.

El cuarto señalamiento es que la corte cometió error al

sentenciar al acusado fundada en el testimonio no corroborado de un cómplice. El alegato del apelante no nos convence de que el perjudicado fuera un cómplice. Ninguno de los casos citados por el apelante trata de un perjudicado menor de catorce años. No obstante, hemos leído el testimonio y éste tampoco nos ha convencido de que el perjudicado fuera un cómplice. Véanse 23 Cal. Jur., supra; 8 Cal. Jur. 176, párrafo 254.

Otras contenciones son que la corte cometió error al admitir cierta carta en evidencia, que la sentencia es contraria a la prueba y que el juez no apreció debidamente la prueba aducida por el acusado. La carta nunca fué admitida en evidencia; la sentencia no fué contraria a la prueba y el juez de distrito no cometió error al apreciar la prueba de descargo.

*Debe confirmarse la sentencia apelada.*