El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Valladares, acusado y apelante.

Núm. 6467.—*Sometido:* Abril 22, 1937. *Resuelto:* Mayo 28, 1937.

*A. Ramírez Silva*, abogado del apelante; *R. A. Gómez, Fiscal*, y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

 Valladares fué declarado culpable del delito de acometimiento y agresión con circunstancias agravantes. Uno de los testigos de cargo lo fué un niño, quien declaró que tenía seis años de edad y más tarde que no sabía cuántos años tenía. Entonces la madre ocupó la silla de los testigos y declaró que el niño tenía trece años de edad. La defensa se opuso alegando que este testimonio era evidencia secundaria. La corte de distrito declaró sin lugar la objeción y la defensa solicitó la eliminación de la evidencia ya admitida. Esta moción fué declarada sin lugar. Se señala como error el haberse admitido el testimonio de la madre. La declaración de ésta no constituía evidencia secundaria. *Pueblo* v. *Rodríguez*, 47 D.P.R. 89; Underhill's Criminal Evidence (tercera edición), pág. 88, sec. 91.

Al llamarse al niño nuevamente como testigo, el juez manifestó que por su propia observación era del criterio que el niño tenía más de diez años de edad. Al momento en que el niño compareció por primera vez y luego de ser examinado respecto a su capacidad para declarar como testigo, el juez también manifestó que permitiría que el niño declarara. No obstante, después de examinarse más ampliamente al testigo, el fiscal de distrito, aunque tal examen ulterior no había revelado que el niño no estuviera capacitado para declarar, decidió poner a la madre en la silla testifical antes de proseguir con la declaración del niño. El testimonio del

menor era evidencia acumulativa y el resultado probablemente hubiera sido el mismo de no haberse llamado a la madre.

■ El segundo señalamiento es que la corte inferior cometió error al permitir que el niño declarara. Fuera del hecho de que el niño tenía trece años de edad, la cuestión relativa a su capacidad para servir como testigo era una que en gran parte descansaba dentro de la sana discreción del juez sentenciador y no hallamos que se abusara de esa discreción. Underhill's Criminal Evidence (tercera edición) pág. 455, sec. 331; *Peters* v. *State,* 63 So. 666.

■ El tercer señalamiento es que la corte de distrito erró al permitir que un taquígrafo declarara respecto a lo que el testigo de descargo, Agustín Olivieri, había manifestado en ocasión anterior. Cuando se pidió al taquígrafo que identificara la transcripción del testimonio anterior de Olivieri, la defensa alegó que no se habían sentado las bases para impugnar la declaración. El juez dijo que si la declaración no estaba firmada, ella no era admisible. A otra pregunta la defensa sostuvo que el fiscal de distrito no podía ofrecer en refutación prueba que pudo haber sido ofrecida antes del Pueblo cerrar su caso. El juez dijo que admitiría la prueba, y la defensa se anotó una excepción. Dijo además que se permitiría al testigo que declarara y la defensa entonces se anotó una excepción fundándose en que mientras ocupaba la silla de los testigos no se le preguntó a Olivieri si el taquígrafo estaba presente en los momentos en que él declaraba ante el fiscal. Más tarde la defensa se opuso a una pregunta hecha por el fiscal, mas no adujo los motivos que tenía para tal objeción. El juez de distrito, si es que oyó la objeción, nada dijo y el interrogatorio prosiguió sin que se dictara resolución o se anotara excepción. Se había sentado base para parte del testimonio de impugnación, mas no se formuló objeción adecuada contra aquella parte de semejante testimonio para la cual no se sentaron suficientes bases. El error

al admitir tal testimonio, de haberlo, no justificaría la revocación.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.