EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR RODRÍGUEZ MALDONADO, acusado y apelante.

Núm. 11873.—*Sometido:* Abril 8, 1947. *Resuelto:* Abril 23, 1947.

*Samuel R. Quiñones*, abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández*, y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Héctor Rodríguez Maldonado fué convicto por un jurado de un delito de asesinato en segundo grado y sentenciado por la Corte de Distrito de Humacao a cumplir quince años de presidio. En este recurso alega que la corte inferior erró, 1ro., al permitir al fiscal que hiciera la presentación de su prueba sin haber expuesto antes al jurado la teoría de la acusación fiscal y, 2do., al dictar sentencia sobre la base del veredicto rendido por ser éste contrario a la prueba presentada.

El primer señalamiento carece de méritos. La defensa ni objetó ni tomó excepción cuando el fiscal hizo constar que renunciaba a exponer la teoría de su caso.[1]

En cuanto al segundo error bastará decir que la

---

[1] Se ha resuelto que las disposiciones del párrafo tercero del artículo 233 del Código de Enjuiciamiento Criminal al efecto de que el fiscal iniciará el juicio ". . . expresando oralmente ante el jurado o la corte . . . la naturaleza del delito que intenta probar, las circunstancias en que se cometió el hecho . . ." no son mandatorias. Véanse los casos de *People v. Weber*, 86 Pac. 671; *People v. Arnold*, 250 Pac. 168; y *People v. Moore*, 160 P. 2d 857, interpretando el artículo 1093 del Código de Enjuiciamiento Criminal de California, equivalente al 233 del nuestro.

prueba fué contradictoria y que, no obstante las contradicciones en que incurrió la mayoría de los testigos del fiscal, habiendo el jurado dado crédito, entre ellos, a los testimonios de Ramón Moyano Osorio y Félix García Pacheco, el veredicto está sostenido por la prueba. Ésta demostró que estando el acusado y Dolores Meléndez en un cafetín jugando barajas por dinero, el acusado le exigió a Meléndez le pagara veinticinco dólares que le había ganado; que un amigo le prestó a Meléndez treinta dólares en tres billetes de a diez dólares; que Meléndez tiró los tres billetes sobre la mesa y le dijo al acusado, "toma, desgraciado," y el acusado le devolvió un billete de cinco dólares; que entonces Meléndez sacó un revólver que portaba y lo puso o tiró sobre la mesa que era de porcelana y al resbalar éste por la mesa el acusado lo cogió y le hizo dos disparos a Meléndez hiriéndolo en un brazo y en el pecho, siendo esta última herida la que le causó la muerte. Las contradicciones en que incurrieron los testigos de cargo—excepto Moyano—consistieron en el hecho de que declararon que al poner Meléndez el revólver sobre la mesa tanto el acusado como Meléndez sostuvieron una lucha o forcejeo por apoderarse del revólver y en ese momento fué que salieron los disparos, mientras que en la investigación practicada por el fiscal la noche del suceso no declararon que había habido tal lucha o forcejeo por el arma. Este conflicto en la prueba fué dirimido por el jurado, como hemos dicho, dando crédito a las declaraciones de Moyano y de García al efecto de que no hubo tal lucha y que fué el acusado el único que cogió el arma con que disparó y mató a Meléndez.

No habiéndose alegado ni probado que el jurado actuó movido por pasión, prejuicio o parcialidad o que cometiera manifiesto error en la apreciación de la prueba, *procede la confirmación de la sentencia apelada.*