El Pueblo de Puerto Rico, demandante y apelado, *v.* Félix Camacho Matos, acusado y apelante.

Núm. 13159.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 16, 1948.

*R. Atiles Moréu,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por el delito de violación fué acusado y convicto ante la Corte de Distrito de Aguadilla el aquí apelante Félix Camacho Matos. En apoyo de su recurso señala quince errores, los cuales serán discutidos en el curso de esta opinión.

Sostiene en los dos primeros que la corte inferior erró al permitir al fiscal hacer ciertas preguntas sugestivas. Aunque en la acusación se alegó que el acusado tuvo contacto carnal con Haydée Lugo Santiago por medio de la fuerza y la violencia, la prueba demostró que se trataba de una joven de tierna edad. En casos de esta índole por el pudor natural que en ella existe, de ordinario la mujer se siente remisa a contestar muchas de las preguntas que se le hacen y de ahí que para que la verdad exacta de lo ocurrido vaya al jurado, la corte se vea precisada a permitir al ministerio público que haga preguntas capciosas. *Pueblo* v. *Méndez,* 41 D.P.R. 275; *Pueblo* v. *Arenas,* 39 D.P.R. 16 y *Pueblo* v. *Juarbe,* 37 D.P.R. 463. Eso fué precisamente lo ocurrido en este caso.

██ En los señalamientos tercero, octavo y duodécimo insiste el acusado en que fué un error de parte de la corte a quo permitir testimonio oral sobre la edad de la perjudicada, cuando a su juicio la mejor prueba hubiera sido el acta de nacimiento de ella. No existe tal error. Aquí no se trata de una violación técnica, sino de una violación cometida por medio de la fuerza y la violencia, en la cual la edad de la perjudicada no desempeña papel de clase alguna. Véanse, no obstante, *Pueblo* v. *Valladares*, 51 D.P.R. 654; *Pueblo* v. *Rodríguez*, 47 D.P.R. 89 y *Pueblo* v. *Millán*, 35 D.P.R. 889. Cf. *López* v. *Bravo*, 68 D.P.R. 506.

██ Los errores cuarto y quinto son al efecto de que la corte de distrito erró al sostener al fiscal en su objeción cuando la defensa preguntó a la perjudicada qué tiempo transcurrió desde que el acusado la arrastró del alambre hasta el sitio que dijo ella la llevó y la acostó, y al entorpecer a la defensa mientras ésta sentaba las bases para impugnar a la testigo, sosteniendo al fiscal en una objeción que impedía a la defensa sentar dichas bases. Estos errores tampoco fueron cometidos. Ya la perjudicada, por medio de otras preguntas, héchasle por la defensa, había contestado que ella salió sola de su casa en dirección a la de su tía Orida Santiago; que mientras iba por el camino del Barrio Bartolo, de Lares, el acusado, quien estaba escondido, salió y le echó manos por los brazos, la pasó por debajo de unos alambres, la acostó en una pieza de café, y entonces "abusó" de ella; que el acusado estaba armado con un "perrillo" y la halaba para la plantación de café; que le desbarató los "panties" y se los quitó y que ella no pudo gritar porque él le tapó la boca con un pañuelo. Las preguntas a que se refieren estos señalamientos no eran en verdad sino repeticiones de otras anteriores, y no se comete error cuando para evitar repeticiones y para impedir que los procesos se demoren innecesariamente, la corte pone fin a un interrogatorio inútil o declara con lugar cualquier ob-

jeción hecha por el fiscal a ese respecto. *Pueblo* v. *Gómez,* 45 D.P.R. 812; *Pueblo* v. *Munera,* 39 D.P.R. 295, 301; *Pueblo* v. *Aponte,* 26 D.P.R. 604 y *Pueblo* v. *Español,* 16 D.P.R. 213.

▆▆▆ Se sostiene en los señalamientos sexto y séptimo que fué un error de la corte a quo no permitir a la testigo Orida Santiago declarar sobre lo que el médico observara, así como si ella le llamó la atención a éste sobre las manchas o golpes que Haydée Lugo Santiago presentaba. Esta testigo, naturalmente, podía declarar sobre lo que ella notara en el cuerpo de la perjudicada, mas no si el médico vió a ésta manchas o golpes. Eso tenía que declararlo el propio médico y éste se limitó a testificar que sólo le había examinado la vagina a la menor. En cuanto a no permitir la pregunta respecto a si ella le llamó o no la atención al médico sobre esos golpes o manchas, el error, de haberse cometido no fué perjudicial, puesto que, como hemos indicado, el médico testificó que no había examinado el resto del cuerpo de Haydée. Errores no perjudiciales jamás dan lugar a la revocación de la sentencia. *Pueblo* v. *Pou,* 55 D.P.R. 304.

▆▆ Los errores noveno, décimo y undécimo son al efecto de que la corte erró al sostener al fiscal cuando la defensa preguntó al padre de la perjudicada si el acusado visitaba su casa; al permitir al fiscal que preguntara al acusado si se levantó y se fué a la Central Pellejas para desaparecer del barrio Bartolo; y si su esposa se divorció de él "por el asunto éste de la violación a esta señorita". A las resoluciones dadas por la corte en relación con las anteriores objeciones hechas por el ministerio público, el acusado no presentó excepción alguna o la presentó tardíamente. Errores no excepcionados o excepcionados cuando el testigo ya ha contestado la pregunta no pueden dar lugar a la revocación de la sentencia. *Pueblo* v. *González,* 35 D.P.R. 675. *Cf. Pueblo* v. *Cruz,* 46 D.P.R. 538.

■ Aunque tanto la propia perjudicada como el padre de ésta en el curso del juicio dijeron que ella tenía doce años y medio, la corte en ningún momento instruyó al jurado que la niña tenía esa edad. Fué después de rendido el veredicto y cuando la defensa solicitó que el caso fuese referido al oficial probatorio, que la corte, al denegar tal solicitud por distintos motivos, hizo referencia a la edad de la menor. Tampoco se ha cometido el error décimotercero.

■ Se alega en el décimoquinto señalamiento que el veredicto es contrario a derecho. La prueba de cargo tendió a demostrar que el apelante tuvo contacto carnal con la perjudicada por medio de la fuerza y la violencia. La defensa del acusado fué la coartada, así como que si bien él tuvo contacto con Haydée Lugo Santiago, ello se debió a que él y ella llevaban relaciones amorosas, a que la noche de autos él durmió en la casa de la familia de ella, con el consentimiento de la familia, y que por la madrugada Haydée penetró en la habitación donde él dormía, se le metió en la cama y con el consentimiento de ella realizaron el acto.

Cuando un caso se ve ante jurado la apreciación de la prueba corresponde enteramente a éste y no alteraremos su veredicto a menos que se nos convenza de que cometió manifiesto error en la apreciación de la prueba o que actuó movido por pasión, prejuicio o parcialidad. *Pueblo* v. *Santos,* 67 D.P.R. 650; *Pueblo* v. *Rodríguez,* 67 D.P.R. 250; *Pueblo* v. *Alvarado,* 55 D.P.R. 26, y casos en ellos citados. La lectura que hemos hecho de la transcripción de la evidencia no nos convence de que se incurriera en cualquiera de estas faltas.

■ Finalmente se insiste en el décimocuarto señala-miento en que fué un error de la corte no referir este caso al oficial probatorio. La concesión a un acusado de los beneficios de las disposiciones de la Ley núm. 259 de 3 de abril de 1946, pág. 535, es completamente discrecional en la corte ante la cual se ve un caso. *Pueblo* v. *Marrero,* 68

D.P.R. 924; *Pueblo* v. *Feliciano,* 67 D.P.R. 247 y *Pueblo* v. *Emmanuelli,* 67 D.P.R. 667, en el último de los cuales dijimos: "La conclusión a que llegue una corte, en cuanto a conceder o no a un acusado el beneficio de la sentencia probatoria, descansa en su sana discreción, teniendo en cuenta, desde luego, todos los hechos del caso . . ." Tomando en consideración, entre otros, el hecho de que el delito fué cometido por un hombre casado con una niña de tierna edad, así como el hecho de que la recomendación que haga el oficial probatorio nunca es obligatoria para la corte sentenciadora, no cometió error la corte al negarse a referir el caso a dicho oficial.

*No habiéndose cometido ninguno de los errores señalados, debe confirmarse la sentencia apelada.*