EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILBERTO PELLOT, acusado y apelante.

*Número:* CR-62-237    *Resuelto:* 6 de mayo de 1963

*Luis Raúl Cruz Jiménez*, abogado del apelante; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Los tres errores señalados y discutidos en este recurso—(1) expresar oralmente el juez ante el jurado, en corte abierta y mientras el fiscal practicaba su prueba, que si bien no se había cometido el imputado delito de violación técnica, aparecía de la prueba que se había cometido un delito comprendido dentro de los actos que constituyen violación; (2) someter el juez, a la testigo principal, injustificadamente, a un tenaz e intenso interrogatorio sobre los méritos del caso, y (3) la insuficiencia evidente de la prueba—fueron claramente cometidos. Son gravísimos y necesariamente aparejan la inmediata absolución del acusado apelante. Veamos.

Wilberto Pellot fue acusado ante la Sala de Arecibo del Tribunal Superior de un delito de violación técnica, consistente, según la acusación, en que "tuvo contacto carnal o concúbito sexual con la niña A.M.M. . . . de trece años de edad . . . ." Hizo alegación de no culpable. Celebrado el juicio ante un jurado éste lo declaró "culpable del delito de tentativa de violación." Se le impuso una pena de uno a dos años de presidio.

En el curso del testimonio de la presunta perjudicada la interroga sobre los méritos tanto el fiscal como el juez que preside el juicio. Las preguntas insistentes y continuas del magistrado, ante el jurado, esencialmente sugestivas y llenas de supuestos de hechos no establecidos previamente, y las respuestas forzadas que la niña dio a las mismas, en términos del debido proceso de ley y de un juicio imparcial y justo,

deben ignorarse a los fines de formar criterio definitivo y correcto sobre la culpabilidad del acusado.

Resumiremos lo declarado por la niña alegadamente perjudicada a base de sus escasas contestaciones a las preguntas del fiscal: Tiene trece años de edad, está en séptimo grado en una escuela pública de Arecibo; el joven Wilberto Pellot es su novio; como a las ocho de la noche del día 22 de octubre de 1960 se encontró en la carretera con él; se fue a un sitio cercano de la carretera y allí se sentaron, luego se acostaron uno junto al otro; ella estaba y estuvo siempre completamente vestida. Tan vestida como estaba mientras declaraba como testigo en el juicio, según manifestó, y "con todas sus piezas." Wilberto no tuvo contacto carnal con ella, "nada le introdujo", ni aun hubo una leve penetración, sostuvo con firmeza la niña. Él no se acostó encima de ella. Luego de estar bastante rato allí, él hizo un movimiento hacia ella pero ella salió corriendo y se fue hacia su hogar. Allí su padre la castigó.

El ginecólogo que fue presentado por el fiscal, examinó dos días después de los sucesos a la niña. Declaró que no la encontró desflorada, ni había evidencia de penetración alguna y que lo único que notó en su himen fue una rozadura, que puede ocasionarse por algún tiempo de roce de contacto.

El padre de la jovencita declaró que ésta tenía trece años y medio, que conocía al acusado; la noche del 22 de octubre de 1960 vio a su hija; que en esa noche él estaba en un cafetín oyendo una novela de la radio mientras su hija salía con una amiguita para la casa de un sobrino de él; que luego salió a buscar a su hija y la encontró cuando ella venía por la carretera, como a las diez menos cuarto de la noche; que de momento no le dijo nada pero después le pegó. Luego de manifestar el padre que la jovencita "no le quería decir nada", y que "entonces yo la obligué, en realidad, como padre, yo la obligué. Ella se resistió a no decirme y yo entonces halé y le di y entonces me dijo que Wilberto había tratado . . .";

se opuso el abogado defensor a que él dijera lo que después del castigo le había manifestado su hija, por no tratarse de manifestaciones espontáneas, admisibles como parte del *res gestae*, y el juez sostuvo al abogado.

Entonces el fiscal solicita del tribunal de instancia lo siguiente:

"En esa situación, nosotros solicitamos que la Corte ordene al jurado *que traiga un veredicto directo de absolución.*" (Énfasis suplido.)

Acto seguido, el juez, sin retirar al jurado, en presencia de éste, manifiesta:

"La Corte lo deniega *porque de los hechos y de la prueba aparece que se ha cometido un delito,* no de violación, pero sí *un delito que está comprendido dentro de los actos que constituyen violación.*" (T.E. pág. 22) (Énfasis suplido.)

Se ofreció y admitió después, como evidencia, un certificado de nacimiento de la menor. Ninguna otra evidencia ofreció El Pueblo.

Por su parte el acusado no ofreció evidencia alguna y sometió su caso por la presentada por el fiscal. No hubo argumentaciones o informes y así el caso fue sometido por las partes al jurado.

En sus primeras instrucciones al jurado dice el juez:

"De creer ustedes como cierto este hecho—que no hubo la más leve penetración—lo declarado por la muchacha, pues no ha habido el delito de violación.

"Ahora, dentro de la violación hay la tentativa de violación, y hay también el acometimiento y agresión grave.

"El fiscal presentó una moción diciendo que se ordenara un veredicto directo, pero esta situación nos apretujó la conciencia. Pensamos en la ley y creímos que no debíamos acceder a lo que el fiscal decía porque en el supuesto que no creyeren cierta la declaración de ella, es verdad que es la única prueba, con la prueba documental y la prueba del doctor, que dice que no hubo penetración, sino un trauma, un golpe, violencia, entonces no se ha cometido el delito de violación, pero si ustedes creyeren como

cierto el hecho de que el delito de hacer la penetración no surgió, pero que sufrió un trauma como posible gestión del miembro y creen la declaración del médico, entonces *aquí se ha cometido un delito de tentativa de violación o de acometimiento y agresión grave, que están comprendidos dentro de la violación.*" (T.E. págs. 24 y 25.) (Énfasis suplido.)

De las instrucciones al jurado tomó excepción la defensa.

■ Bastaría con la simple relación que antecede para concluir que los errores señalados fueron indudablemente cometidos y que por su gravedad procede la revocación del fallo y la absolución del apelante.

Al hacer las anteriores manifestaciones en presencia del jurado y al transmitir, en parte, instrucciones en los términos expuestos el juez de instancia franca y abiertamente invadió la esfera de acción, atribuciones y prerrogativas del jurado, como único juez de los hechos y el único organismo llamado, por sí solo, en casos por jurado, a apreciar y aquilatar la prueba y llegar a las conclusiones de hecho que a su juicio exclusivo justifiquen las pruebas del caso.—Art. 184, Código de Enjuiciamiento Criminal; *Pueblo* v. *Muñoz*, 68 D.P.R. 171 (1948); *Pueblo* v. *Camacho*, 69 D.P.R. 358 (1948); *Pueblo* v. *López*, 71 D.P.R. 1 (1950).

Es una ingenua tentativa de justificar al juez la que hace El Pueblo en su alegato al manifestarse así:

"El comentario del juez sólo iba encaminado a explicar que si bien la prueba era insuficiente para sostener una convicción por el delito de violación, era suficiente para sostener una convicción por tentativa de cometer violación o de acometimiento y agresión grave."

■ La continua e injustificada intervención del juez en el interrogatorio sobre los méritos de la testigo principal, como dijimos en *Pueblo* v. *Aletriz*, 85 D.P.R. 646 (Pérez Pimentel) (1962), revela de nuevo que "el Juez desempeñó . . . con gran habilidad la misión que la ley reserva al fiscal." Ésta es otra invasión de las atribuciones del ministerio fiscal,

que como dijimos en ese caso es un "grave error perjudicial." (¹)

■ La insuficiencia de la prueba de El Pueblo es manifiesta. El fiscal estuvo correcto cuando solicitó al tribunal ordenara veredicto directo de absolución. Ni el delito originalmente imputado, ni la tentativa de cometerlo, quedaron satisfactoriamente probados.

*Por todo lo cual se revoca la sentencia condenatoria apelada, dictada contra el acusado apelante el 6 de febrero de 1961, por el Tribunal Superior, Sala de Arecibo, y se decretará su inmediata absolución.*

---

(¹) Por la naturaleza del interrogatorio nos abstenemos de insertarlo.