EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FELIPE LÓPEZ CAMACHO, acusado y apelante.

*Número:* CR-69-30 *Resuelto:* 2 de marzo de 1970

*Gerardo Ortiz del Rivero,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto de seis cargos de posesión, transportación y venta de drogas. Art. 29 de la Ley de Narcóticos de Puerto Rico, 24 L.P.R.A. sec. 973. El tribunal de instancia lo condenó a sufrir una pena de 10 a 20 años de presidio en cada caso, disponiendo que todos los mínimos impuestos en la sentencia dictada se cumplieran concurrentemente pero consecutivamente los máximos hasta 60 años de presidio.

No conforme con dicha sentencia instó recurso de apelación solicitando al tribunal de instancia la fijación de fianza, la cual fue denegada. En vista de ello, radicó ante este Tribunal una moción para que se le fijara fianza, fundándose en que la apelación no era frívola, que nunca había tratado de escaparse de esta jurisdicción y que él no constituía peligro alguno para la comunidad. Denegamos la fijación de fianza, luego de considerar los méritos de la petición.

Consideraremos ahora los errores apuntados por el apelante en su recurso. Los primeros cuatro errores se refieren a la eficacia de la vista preliminar. Al igual que lo hace el apelante y el Procurador General en su informe, los discutiremos conjuntamente.

Con posterioridad a la lectura de la acusación y después que el acusado hiciera alegación de no culpable, el único testigo que tenía conocimiento personal de los hechos examinados en la vista preliminar para la determinación de causa probable, fue asesinado. El ministerio fiscal solicitó, entonces,

al tribunal que incluyera al dorso de la acusación el nombre de otros dos testigos, los cuales no se habían incluidos al radicarse la acusación por no considerarlo necesario. Se opuso el apelante aduciendo que la solicitud del fiscal constituía una sorpresa para la defensa y que violaba la Regla 23 de Procedimiento Criminal, así como el Art. II, sec. 10 de la Constitución de Puerto Rico. El tribunal señaló una vista para considerar la oposición del apelante pero éste renunció a la misma el mismo día de la vista y mientras ésta se estaba efectuando. El tribunal, entonces, declaró con lugar la solicitud del ministerio fiscal de que se incluyeran testigos adicionales en la acusación.

La contención del apelante es que al morir el único testigo que declaró en la vista preliminar con conocimiento personal de los hechos, su declaración perdió toda eficacia jurídica para sostener la existencia de causa probable. Cita en su apoyo *Hoyos* v. *Tribunal Superior*, 80 D.P.R. 633 (1958); *Ex parte Salvá*, 41 D.P.R. 27 (1930). No tiene razón.

■ El propósito evidente de la vista preliminar es evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal. La vista brinda la oportunidad para que el ministerio fiscal demuestre que existe causa probable para creer que se ha cometido un delito y que la persona ante el juez instructor lo cometió. Una vez que esto queda demostrado, la vista ha cumplido su propósito de ley, sin que la eficacia de la determinación de causa probable sea menoscabada por hechos ocurridos con posterioridad a la misma, aunque los hechos posteriores puedan efectar el caso del fiscal, si es que éste no cuenta con otra prueba para conectar al apelante con la comisión del delito. Todo se reduce sencillamente a una cuestión de suficiencia de prueba que nada tiene que ver con la validez de la determinación efectuada en la vista preliminar. El apelante

pudo haber planteado la suficiencia de la prueba como se hizo en el caso de *Hoyos* y en *Ex parte Salvá*, supra, mediante un recurso de *Habeas Corpus*, o en la misma vista señalada por el tribunal para considerar la objeción del apelante a la inclusión de nuevos testigos y a la cual él expresamente renunció.

En nada ayuda al apelante el caso de *Hoyos*, en que, como dijimos, se trataba de un recurso de *Habeas Corpus*. En dicho caso, a la pág. 645, n. 5 señalamos precisamente, que el hecho de que el fiscal eliminara de la acusación el nombre del único testigo que en la determinación de causa probable había conectado al acusado con la comisión del delito no alteraba la existencia de causa probable.

El quinto apuntamiento también es inmeritorio. Se queja el apelante de que el fiscal comentó el silencio del acusado al expresar en su informe final que: "La defensa no ha presentado un ápice de prueba." El récord demuestra que las manifestaciones del fiscal no se referían al hecho de que el acusado no se había sentado a declarar sino a la prueba para impugnar a un testigo del Pueblo a quien se le imputaba ser adicto a drogas. Véase T.E. págs. 201–202.

Apunta el apelante en el sexto error que el tribunal incidió al no disolver el jurado cuando el fiscal en la exposición de su teoría al jurado expresó que: "Ante ustedes desfilará prueba de que el testigo, o que el Agente Gerardo Mendoza murió violentamente el 19 de febrero. . . ."

La alusión del fiscal a la muerte violenta de dicho testigo fue con el propósito de explicar al jurado la razón por la cual dicho testigo no compareció a declarar, a pesar de que aparecía como testigo al dorso de la acusación. El tribunal inmediatamente instruyó al jurado para que no tomara en cuenta, en forma alguna, la expresión que hizo el fiscal en cuanto a como fue que ocurrió la muerte de dicho testigo. T.E. págs. 9 y 10. También en sus instrucciones finales el

tribunal cubrió expresamente este incidente. (¹) No se cometió el error señalado.

En cuanto al séptimo y octavo señalamiento, relativos a la sentencia impuesta, aunque creemos que la misma está dentro de los límites que establece la ley, consideramos que los términos máximos deben también cumplirse concurrentemente.

*Se modificarán las sentencias dictadas por el tribunal de instancia a los efectos de que tanto los mínimos como los máximos se cumplan concurrentemente. Así modificada se confirmará.*

El Señor Juez Presidente y el Juez Asociado Señor Santana Becerra no intervinieron.

---

(¹) Específicamente el tribunal dio las siguientes instrucciones:

"Especialmente los invito a ustedes a no considerar aquella parte de la evidencia que se trató de introducir respecto a que el testigo al dorso de esta acusación, el Agente Fiscal Mendoza Pérez, había sido asesinado, porque esa no es parte de la prueba en este caso, ni es parte de la teoría, lo único, que se trajo para explicar por qué no había, ese señor, declarado ante ustedes; porque había muerto para esta fecha. Pero el hecho del asesinato no debe ser considerado por ustedes como prueba en este caso. Mucho menos deben considerar que este acusado pueda estar relacionado con ese caso, porque no fue objeto de prueba. Respecto a ese caso el acu-

sado no tiene ninguna clase de responsabilidad, y ustedes determinarán qué responsabilidad pueda o no tener el acusado en este caso, de acuerdo con la prueba que ha desfilado aquí."