EL PUEBLO DE PUERTO RICO, recurrido, *v.* LUIS P. CRUZ BAYONA y BETHZAIDA DROZ AUSUA, peticionarios.

*Número:* CE-88-641          *Resuelto:* 30 de junio de 1989

*Rafael Santiago Erans*, abogado de los peticionarios; *Rafael Ortiz Carrión, Procurador General*, y *Ricardo E. Alegría Pons, Procurador General Auxiliar*, abogados de El Pueblo.

## SENTENCIA

### I

El 27 de mayo de 1988, en una estructura de dos (2) niveles —la alta era usada como residencia— al diligenciar una orden de allanamiento, el policía Carlos Ortiz Delgado encontró —además de dinero en efectivo— una balanza, varias bolsitas plásticas, pequeños sobres de papel color amarillo y bolsas de papel color marrón, todo material típicamente usado en el procesamiento y venta de la sustancia controlada marihuana. Subsiguientemente, observó en el patio unas bolsas plásticas. Guiado por el olor de marihuana, dentro de un recipiente metálico "dron" enterrado, halló aproximadamente dos (2) libras. Por ello, el 28 de mayo de 1988 Luis P. Cruz Bayona y Bethzaida Droz Ausua fueron acusados de violar el Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401.

Durante la vista preliminar de 12 de julio, la representante del Ministerio Fiscal presentó el análisis químico —positivo— y el testimonio del policía Ortiz Delgado. Luego de la defensa haber comenzado a contrainterrogarlo, el magistrado lo interrumpió e informó a la Fiscal Cruz Vázquez que si le presentaban la orden de allanamiento encontraría causa probable. La defensa —Lic. Rafael Santiago Erans— se opuso tenazmente. Infructuosamente adujo que todavía no había terminado de contrainterrogar al testigo ni había tenido ante su consideración la orden de allanamiento ni declaración jurada alguna con relación a la misma. Tan pronto el Ministerio Fiscal la presentó, el magistrado determinó causa probable a base de que la prueba desfilada hasta ese momento era suficiente.

Subsiguientemente, en el acto de lectura de acusación el 13 de julio ante el Tribunal Superior, los imputados Cruz Bayona y Droz Ausua solicitaron la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Esta moción quedó señalada para el 9 de septiembre. En esta fecha, al informarse que la Fiscal Cruz Vázquez estaba convaleciendo en su hogar por unas quemaduras, el Juez Rafael Benítez suspendió la moción y le concedió al Ministerio Fiscal término para contestarla. La moción fue señalada para el 3 de octubre.

En esta ocasión, el Juez Luis F. Pieraldi Cappa llamó el caso. Presentes todos, menos el abogado defensor Santiago Erans —previo examen del expediente— declaró sin lugar la desestimación. Subsiguientemente, compareció el licenciado Santiago Erans quien pidió la reconsideración e insistió en su planteamiento. El tribunal se reiteró.

Mediante trámite de mostrar causa, atendemos el reclamo de los imputados Cruz Bayona y Droz Ausua de que no se le celebró una vista preliminar conforme a derecho.

## II

La comparecencia del Procurador General nos convence que debemos confirmar. Sabido es que el propósito de la vista preliminar es evitar someter a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 663 (1985); *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970).

En la misma, conforme la Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, tanto el Ministerio Fiscal como el denunciado pueden presentar prueba y contrainterrogar a los testigos adversos. Sin embargo, en esa etapa los ámbitos del interrogatorio directo y del contrainterrogatorio no son irrestrictos. Ya en *Pueblo v. Figueroa Castro*, 102 D.P.R. 279, 284 (1974), habíamos expuesto así sus horizontes:

El fiscal no viene obligado a presentar en una vista preliminar toda la prueba de que dispone para establecer en su día la culpabilidad del acusado. Le basta con presentar aquella prueba que convenza al magistrado ante quien se celebra la vista de que se ha cometido un delito y de que hay causa probable para creer que el acusado lo cometió. El propósito de la vista preliminar es "evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal." *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970). En la vista preliminar el fiscal no tiene que probar la culpabilidad del acusado más allá de duda razonable. Esa es su obligación en el acto del juicio. Puede por tanto presentar durante el juicio la misma prueba que ofreció durante la vista preliminar, prueba adicional, y aun prueba distinta.

Al respecto, la Prof. Dora Nevares-Muñiz nos dice que se "trata, pues, de presentar evidencia sobre los elementos del delito y relacionar al imputado con ellos". D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 2da ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1985, pág. 67.

En el caso de autos, la representante del Ministerio Público presentó la prueba mínima *necesaria* para demostrar que se había cometido un delito, y existía causa probable para creer que los imputados Cruz Bayona y Droz Ausua lo habían cometido. Es decir, presentó el testimonio de un agente de la policía del cual surgía el hallazgo de la sustancia controlada marihuana y que su análisis químico dio positivo.

Aunque en el caso de autos ciertamente a los imputados Cruz Bayona y Droz Ausua no se les permitió terminar todo el contrainterrogatorio del agente, el tribunal estaba autorizado a regularlo razonablemente, máxime una vez había arribado al convencimiento judicial de que la prueba era suficiente en esa etapa para encauzarlos. Aun al tachar esa limitación en el contrainterrogatorio como una irregularidad, no han demostrado que la misma les perjudicara sustancialmente. En su moción, bajo la Regla 64(p) de Procedimiento Criminal, *supra*, éstos no pudieron demostrar lo contrario.

Recientemente, en *Pueblo v. González Pagán*, 120 D.P.R. 684 (1988), reiteramos lo resuelto en *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459–460 (1975), a saber:

Presentada una moción para desestimar basada en la Regla 64(p), el tribunal de instancia puede, en el ejercicio de su discreción señalar una vista para entender y recibir prueba, *o puede rechazarla de plano si de su faz y de las constancias en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba.* Debe recordarse que "[l]a determinación de causa probable goza, como toda determinación judicial, de la presunción legal de corrección" *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796, 799 (1973). El mejor mecanismo que tiene un acusado para revisar una determinación de existencia de causa probable carente de prueba suficiente para establecer una probabilidad razonable de que cometió el delito imputádole, lo constituye la pronta ventilación del juicio, trámite que conforme a la Regla 64(n)(4), salvo justa causa, debe ocurrir dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia. (Énfasis nuestro.)

Después de todo, hemos resuelto abstenernos de "intervenir con la discreción judicial de los foros de instancia efectuada con ánimo de lograr un adecuado balance entre la búsqueda de la verdad y la enojosa lentitud de los procedimientos debido a interrogatorios prolongados e innecesarios por preguntas repetitivas. *Wolff* v. *Hernández*, 76 D.P.R. 650, 666–667 (1954); *Pueblo* v. *Camacho*, 69 D.P.R. 358, 360–361 (1948); *Pueblo* v. *Vázquez*, 68 D.P.R. 67, 83 (1948); *Durán* v. *Sucn. Durán*, 53 D.P.R. 750, 754 (1938); *Pueblo* v. *Gómez*, 45 D.P.R. 812, 813–814 (1933); *Vélez* v. *Iturregui*, 44 D.P.R. 487, 490–491 (1933); *Pueblo* v. *Román*, 42 D.P.R. 642, 645 (1931); *Pueblo* v. *Munera*, 39 D.P.R. 295, 301–303 (1929); *Pueblo* v. *Aponte*, 26 D.P.R. 604, 605–606 (1918)[,] y *Pueblo* v. *Español*, 16 D.P.R. 213, 221 (1910)". *Pueblo v. Corales Irizarry*, 107 D.P.R. 481, 490 (1978).

Por último, no es persuasivo el argumento adelantado por los imputados fundamentado en que la orden de allana-

miento contenía una dirección distinta. De los anexos —orden y declaración jurada— surge claramente la dirección de la propiedad allanada. Aparte de su identificación, su ubicación —esquina con las calles Núm. 2 y Núm. 5— descarta toda posible equivocación. A fin de cuentas, la culpabilidad de los imputados es materia abierta que deberá el Ministerio Público demostrar en juicio plenario más allá de duda razonable. La determinación de causa probable no prejuzga definitivamente la cuestión.

*Se expide el auto y se confirma la resolución del Tribunal Superior, Sala de Ponce. Continuarán en instancia los procedimientos.*

Lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Presidente Señor Pons Núñez disintió sin opinión escrita. El Juez Asociado Señor Rebollo López emitió opinión disidente, a la cual se unió el Juez Asociado Señor Hernández Denton.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López, a la cual se une el Juez Asociado Señor Hernández Denton.

Nos vemos imposibilitados de refrendar con nuestro voto la sentencia que hoy emite el Tribunal en el presente caso. Mediante la misma, una mayoría de sus integrantes ratifica y califica, como jurídicamente correcta, una actuación del tribunal de instancia que constituye una crasa violación al debido proceso de ley.

## I

Con motivo de un registro y allanamiento que fuera realizado por agentes de la Policía de Puerto Rico el día 27 de mayo de 1988 en una residencia localizada en el barrio Manzanillo de Juana Díaz, Puerto Rico, se determinó causa probable para arresto contra los ciudadanos Luis P. Cruz Bayona y Bethzaida Droz Ausua por infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, ello en relación con la droga narcótica conocida como marihuana. La vista preliminar, que contempla la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, fue señalada para el día 12 de julio de 1988.

Durante dicha vista —*conforme el resumen de los hechos que se hace en la sentencia mayoritaria emitida*— sucedió lo siguiente:

> Durante la vista preliminar de 12 de julio, la representante del Ministerio Fiscal presentó el análisis químico —positivo— y el testimonio del policía Ortiz Delgado. *Luego de la defensa haber comenzado a contrainterrogarlo, el magistrado lo interrumpió e informó a la fiscal Cruz Vázquez que si le presentaban la orden de allanamiento encontraría causa probable.* La defensa —Lic. Rafael Santiago Erans— se opuso tenazmente. *Infructuosamente adujo que todavía no había terminado de contrainterrogar al testigo* ni había tenido ante su consideración la orden de allanamiento ni declaración jurada alguna con relación a la misma. *Tan pronto el Ministerio Fiscal la presentó, el magistrado determinó causa probable a base de que la prueba desfilada hasta ese momento era suficiente.* (Énfasis suplido.) Sentencia, pág. 2.

Determinada, *de esa forma*, causa probable contra Cruz Bayona y Droz Ausua, el Ministerio Público procedió a radicar ante el Tribunal Superior de Puerto Rico, Sala de Ponce, el correspondiente pliego acusatorio contra los mencionados ciudadanos. En el acto de lectura de acusación, los referidos imputados de delito radicaron una moción, al amparo de las disposiciones del inciso (p) de la Regla 64 de Procedimiento

Criminal, 34 L.P.R.A. Ap. II, solicitando la desestimación de la acusación radicada por razón de que no se había determinado causa probable contra ellos "con arreglo a la ley y a derecho". Escrito para mostrar causa, pág. 4.

Señalada la discusión y vista de la referida moción para el día 3 de octubre de 1988, sucedió —*conforme la propia sentencia mayoritaria emitida*— lo siguiente:

> . . . el Juez Luis F. Pieraldi Cappa llamó el caso. Presentes todos, *menos el abogado defensor Santiago Erans* —previo examen del expediente— declaró sin lugar la desestimación. Subsiguientemente, compareció el licenciado Santiago Erans *quien pidió la reconsideración e insistió en su planteamiento. El tribunal se reiteró.* (Énfasis suplido.) Sentencia, pág. 570.

Inconformes, acudieron ante este Tribunal los peticionarios Cruz Bayona y Droz Ausua. En el recurso de *certiorari* que radicaran a esos efectos, le imputaron al tribunal de instancia haber errado al:

> . . . declarar sin lugar la moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal sin siquiera escuchar los argumentos de las partes, —cuando de las propias alegaciones surgía claramente que a los peticionarios no se le celebró una vista preliminar de acuerdo a derecho ni se le permitió confrontarse con sus acusadores, así como tampoco con la declaración jurada y orden de allanamiento como lo dispon[e] la ley. Petición de *certiorari*, pág. 5.

Mediante resolución de fecha 1ro de diciembre de 1988, le concedimos término al Procurador General de Puerto Rico para que mostrara causa:

> . . . por la cual no deba expedirse el auto solicitado, revocarse la resolución del Tribunal Superior, Sala de Ponce[,] de 3 de octubre de 1988 y en su lugar decretarse la desestimación de la acusación bajo las disposiciones de la Regla 64(p) de las de Procedimiento Criminal vigentes.

Dicho funcionario ha comparecido en cumplimiento de la referida resolución. Contrario a la mayoría de los inte-

grantes del Tribunal, somos del criterio que la resolución recurrida debe ser revocada.

## II

Coincidimos plenamente con la mayoría del Tribunal en que: la determinación de "causa probable" goza, como toda determinación judicial, de la presunción legal de corrección, *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796, 799 (1973); en relación con una moción para desestimar fundada en el inciso (p) de la citada Regla 64 de Procedimiento Criminal, un tribunal tiene la facultad, en el uso de su discreción, para señalar una vista y recibir prueba en relación con las alegaciones de la misma, o puede rechazarla de plano si, de su faz y de las constancias que obran en el expediente del caso, dicha moción resulta inmeritoria, *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459–460 (1975); en una vista preliminar no se requiere que el fiscal presente toda su prueba, bastando que presente aquella prueba necesaria para convencer al magistrado que preside la vista de que se ha cometido un delito y que hay "causa probable" para creer que el imputado lo cometió, *Pueblo v. Figueroa Castro*, 102 D.P.R. 279, 284 (1974).

El error cometido por la mayoría del Tribunal radica en la utilización de esos principios como la "razón de decidir". Dichos principios, si bien son jurídicamente correctos, no son pertinentes para la solución de la cuestión de derecho envuelta en el caso ante nuestra consideración. El Tribunal, al así actuar, desafortunadamente ignora otros principios de derecho, igualmente válidos y vigentes en nuestra jurisdicción, que son los realmente determinantes y aplicables al caso.

## III

Debemos mantener presente que la celebración de la vista preliminar, establecida y regulada por las disposiciones

de la Regla 23 de Procedimiento Criminal, ante, no constituye una "mera formalidad". La misma es una etapa judicial procesal de contornos claramente definidos en el derecho procesal penal nuestro. Su propósito es dual: evitar que un ciudadano sea sometido a un proceso criminal formal a base de una imputación falsa, fraudulenta y sin base legal alguna, y por otro lado, evitar que casos frívolos e inmeritorios recarguen el calendario de nuestros tribunales de instancia con la consiguiente erogación innecesaria de fondos públicos.

En su objetivo y función, dicha vista es una judicial cuyo ámbito no puede ser limitado arbitrariamente, así como tampoco puede ser la misma obviada, desmembrada o desnaturalizada por este Tribunal en abierta violación de las disposiciones de la citada Regla 23 de Procedimiento Criminal. *Cf. García v. Adm. del Derecho al Trabajo*, 108 D.P.R. 53, 56–57 (1978); *Hernández García v. J.R.T.*, 94 D.P.R. 22, 29 (1967). Ello es así por cuanto si bien es cierto que la génesis u origen de la vista preliminar es estatutaria y no constitucional, una vez la misma fue incorporada a nuestro ordenamiento jurídico, dicha vista advino "parte integrante" del debido procedimiento de ley y, por ende, coartar caprichosamente la misma resulta en una violación de ese "debido proceso de ley". *Cf. Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 107–108 (1974); *Reyes v. Delgado*, 81 D.P.R. 937, 941 (1960).

A esos efectos, *y en lo pertinente al caso ante nuestra consideración*, conviene que recordemos que el inciso (c) de la citada Regla 23 de Procedimiento Criminal dispone:

(c) *Procedimiento durante la vista.* Si la persona compareciere a la vista preliminar y no renunciare a ella, *el magistrado deberá oír la prueba.* La vista será privada a menos que al comenzar la misma la persona solicitare que fuere pública. *La persona podrá contrainterrogar a los testigos en su contra y ofrecer prueba en su favor.* El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba. Al ser reque-

rido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su poder de los testigos que haya puesto a declarar en la vista. *Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario exonerará a la persona y ordenará que sea puesta en libertad.* El magistrado podrá mantener en libertad a la persona bajo la misma fianza, condiciones o ambas que le hubiere impuesto un magistrado al ser arrestada, alterar las mismas o imponer una fianza o condición de acuerdo con la Regla 218(c) si ésta no se le hubiese impuesto, y si a juicio del magistrado ello fuere necesario. No obstante lo anterior el magistrado no podrá alterar la fianza fijada o condición impuesta por un magistrado de categoría superior, a menos que en la vista preliminar se determine causa probable por un delito inferior al que originalmente se le imputó a la persona. Después de que terminare el procedimiento ante él, el magistrado remitirá inmediatamente a la secretaría de la sección y sala correspondiente del Tribunal de Primera Instancia todo el expediente relacionado con dicho procedimiento, incluyendo cualquier fianza prestada. En el expediente se hará constar la fecha y el sitio de la vista preliminar, las personas que a ella comparecieron y la determinación del magistrado. (Énfasis suplido.) 34 L.P.R.A. Ap. II.

Como podemos notar, el lenguaje de la transcrita disposición legal es claro en lo referente al derecho que la misma le concede al imputado de delito de *contrainterrogar* a los testigos de cargo y de *ofrecer prueba* en su favor. Ese derecho, naturalmente, no es irrestricto ni puede ser ejercitado ilimitadamente, teniendo el magistrado que preside la vista preliminar discreción y facultad para regularlo. *La concesión expresa del referido derecho por parte de la citada Regla 23(c), sin embargo, obliga al magistrado* —antes de realizar la determinación de detener al imputado para que responda en juicio público por la comisión de determinado delito, o, por el

contrario, de exonerarlo y ordenar que sea puesto en libertad— *a recibir y considerar toda la evidencia que tanto el Estado como el imputado de delito hayan razonablemente tenido a bien presentar, garantizándole a ambas partes el derecho a contrainterrogar a los testigos de la parte contraria.*

Una determinación de causa probable realizada en una vista preliminar en la cual se restringe arbitraria e irrazonablemente el derecho que tiene el imputado de delito a contrainterrogar los testigos en su contra y en que se priva a éste del derecho a presentar prueba en su favor es una *no* realizada "con arreglo a la ley y a derecho" por razón de haberse infringido el debido procedimiento de ley, siendo inmaterial cuán fuerte y confiable pueda haber sido la prueba presentada por el Estado durante dicha vista.

Eso precisamente fue lo que ocurrió en el presente caso. Revocaríamos, en consecuencia, la resolución recurrida mediante la cual el foro de instancia declaró sin lugar la moción radicada al amparo de la Regla 64(p) de Procedimiento Criminal, ante, y devolveríamos el caso para la celebración de una nueva vista preliminar.