Rossy García, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe interesa la revocación de una resolución emitida el 20 de junio y notificada el 14 de agosto de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Elpidio Batista). Mediante ésta y por entender que "la determinación de causa en este caso está dentro del marco de la Ley", el tribunal denegó una moción de desestimación presentada por el aquí peticionario al amparo de la Regla 64(p) de las de Procedimiento Criminal, 
*1181 Encontrándonos en condiciones de dictaminar luego de un análisis del recurso instado a la luz del derecho aplicable y la jurisprudencia interpretativa, resolvemos que resulta procedente expedir el auto solicitado para confirmar la resolución recurrida. Para colocar el recurso que nos ocupa en correcta perspectiva, veamos los hechos e incidentes procesales que resultan pertinentes y materiales para su adjudicación.
I
El 1 de julio de 1994, mientras el peticionario Ramón R. Andaluz Méndez conducía un vehículo oficial de la Policía de Puerto Rico por la Avenida Ponce de León, se vio envuelto en un accidente automovilístico al impactar el vehículo conducido por el Sr. Ramón R. Rodríguez. Como consecuencia del accidente fallecieron las ciudadanas Isabel Lugo y Marina Reyes Buitrago, ambas pasajeras en el automóvil del Sr. Rodríguez. A raíz de estos hechos, el Ministerio Público presentó dos (2) denuncias contra el peticionario por infracciones al artículo 87 del Código Penal, el cual tipifica como delito grave la Imprudencia Crasa o Temeraria al Conducir Vehículo de Motor.
El 7 de diciembre de 1994 se celebró la vista preliminar ante la Hon. Tomasa Vázquez, quien determinó inexistencia de causa probable. En esa misma fecha el Ministerio Público anunció su intención de someter el caso en alzada, lo que hizo, celebrándose la correspondiente vista el 22 de febrero de 1995, ante la Hon. Crisanta González de Rodríguez. Según surge de la petición, en ocasión de la vista preliminar en alzada se aportó el testimonio de cuatro personas. El primer testigo lo fue el Sr. Ramón M. Rodríguez, conductor del vehículo impactado por el peticionario, quien declaró en síntesis que luego de salir de una iglesia en el Paseo Covadonga se disponía a regresar al Viejo San Juan, para lo cual era necesario cruzar la Avenida Ponce de León. Indicó que se detuvo frente a una señal de "Ceda el Paso" para observar si venían vehículos por la Ave. Ponce de León antes de cruzarla y que, al no ver ningún vehículo transitando por la referida avenida, intentó cruzarla para lograr acceso a la Avenida Muñoz Rivera. Señaló que fue impactado cuando cruzaba el segundo carril de dicha Avenida, el paralelo al carril de la A.M.A. 
El segundo testigo de cargo durante la vista preliminar en alzada lo fue el Sr. David Barranco Francois, testigo no interesado y quien conducía por el Paseo Covadonga detrás del vehículo del Sr. Rodríguez. Según la exposición narrativa preparada por el propio peticionario, dicho testigo "[ijndicó que cuando comenzaba la marcha en el Ceda el Paso para dirigirse hacia Isla Verde, vio un vehículo de motor que iba a velocidad excesiva en un área de 25 millas por el carril izquierdo de la Ave. Ponce de León". Indicó además que observó "que el vehículo que transitaba por la Ave. Ponce de León no llevaba las luces encendidas[... y que] con el impacto se elevó el vehículo conducido por don Ramón M. Rodríguez." Por último declararon la Sra. Gladys Becerra, quien testificó que "oyó el choque pero que todo fue de manera relámpago y no pudo notar si el vehículo del acusado tenía las luces encendidas porque el vehículo del imputado estaba perpendicular a donde ella estaba", y el Sr. Carlos Hernández, quien declaró "que antes de montarse [en] su vehículo no vio el carro manejado por el acusado ]...][y que] sólo vio como quedaron los vehículos luego del accidente, luego de oir el impacto". 
Sometido el caso por el Ministerio Fiscal a base de la prueba antes indicada, la Hon. Crisanta González de Rodríguez denegó una solicitud de la defensa para aportar prueba a su favor, expresando al así dictaminar que la prueba aportada por el Ministerio Fiscal satisfacía el "quántum" de prueba necesario para establecer causa probable para autorizar la radicación de acusaciones contra el imputado. Radicada, como fueron las acusaciones autorizadas por el tribunal, el 14 de marzo de 1995, mediante moción a tales fines, el aquí peticionario solicitó la desestimación de las mismas conforme a lo dispuesto en la Regla 64(p) de Procedimiento Criminal. En la moción presentada argumentó que la determinación de causa probable objeto de impugnación fue contraria a derecho por no cumplir el Ministerio Público con su obligación de presentar prueba sobre todos los elementos del delito imputado y por no habérsele permitido presentar testigos que declarasen a su favor en la vista preliminar en alzada.
Señalada como fue dicha moción para vista y discusión, la que se celebró el 20 de junio de 1995, el Hon. Elpidio Batista Ortiz, la declaró no ha lugar, ello luego de dictaminar que la determinación impugnada "está dentro del marco de Ley". Autorizó así la continuación de los procedimientos.
Inconforme el peticionario con dicho dictamen, interpuso el recurso que nos ocupa levantando los *1182 mismos fundamentos de impugnación que presentó ante el tribunal recurrido. Resolvemos, por los fundamentos que procedemos a consignar a continuación, que no se cometieron los errores imputados y que resulta procedente confirmar el dictamen recurrido.
II
Debemos comenzar señalando que cualquier impugnación, en etapa apelativa, del procedimiento de vista preliminar debe evaluarse a través del prisma de la presunción legal de regularidad y corrección que asiste a la determinación de causa probable para acusar a un ciudadano imputado de delito. Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796, 799 (1973); Pueblo v. Tribunal Superior, 104 D.P.R. 454, 459-460 (1975); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 664 (1985); Pueblo v. González Pagán, 120 D.P.R. 684, 687 (1988); Pueblo v. Rivera Alicea, 125 D.P.R._ (1989), 89 J.T.S. 108, a la pág. 7281; El Vocero v. E.L.A., 132 D.P.R. (_1992), 92 J.T.S. 108, a la pág. 9845; Pueblo v. Torres Giménez, 133 D.P.R._(1992), 92 J.T.S. 163, a la pág. 10147. Ello le impone al imputado la obligación de demostrar que no existía causa probable para acusarlo. Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Forum, Bogotá, 1993, Volumen III, §22.7, págs. 94-95. Para hacer tal demostración el mecanismo procesal que tiene a su disposición lo es la moción para desestimar la acusación, en particular, lo dispuesto en la Regla 64(p) de Procedimiento Criminal, que provee como sigue:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

Constituye pues la moción para desestimar al amparo de dicha Regla instrumento que permite la revisión de una determinación positiva de causa probable que no se ajuste a derecho. Ahora bien, para que una determinación de causa probable se ajuste a derecho, no se requiere que el Ministerio Público demuestre la culpabilidad del imputado más allá de toda duda razonable, Pueblo v. Figueroa Castro, 102 D.P.R. 279, 284 (1974), toda vez que no se pretende en esta etapa adjudicar en los méritos la culpabilidad o inocencia del imputado. Pueblo v. Félix Avilés, 128 D.P.R._(1991), 91 J.T.S. 50, a la pág. 8635. Basta con que el dictamen del magistrado se base en una "scintilla" de prueba que demuestre que existe prima facie causa para creer que se cometió un delito y que probablemente el acusado lo cometió, Vazquez Rosado v. Tribunal, 100 D.P.R. 592, 594 (1972). Pueblo v. Rivera Lugo v. Almodóvar, 121 D.P.R. 454, 475 (1988). Olga E. Resumil de Sanfilippo, Práctica Jurídica de Puerto Rico: Derecho Procesal Penal, Butterworth Legal Publishers, New Hampshire, 1993, Tomo 2, pág. 197. En esencia, la determinación de causa probable no es otra cosa que una valoración de probabilidades; así, en etapa de vista preliminar la credibilidad de los testigos está supeditada al "quántum" de prueba requerido. Véase Pueblo v. Rodríguez Aponte, supra, a las págs. 660 y 664; El Vocero v. E.L.A., supra, a la pág. 9844. Ello responde a la propia naturaleza y finalidad de la vista preliminar que "está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado 'tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario". Pueblo v. González Pagán, 120 D P.R. 684, 688 (1988).
Esto no significa, sin embargo, que al magistrado le sea permitido, sin prueba directa o circunstancial que sustente su determinación, hacer inferencias para suplir la ausencia de prueba sobre uno o más de los elementos del delito imputado. En ausencia total de esa prueba, una determinación positiva de causa probable para acusar es contraria a derecho y procede, por consiguiente, desestimar la acusación al amparo del inciso (p) de la Regla 64 de Procedimiento Criminal, supra. Pueblo v. González Pagán, supra; Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Bogotá, Vol. III, 1993, see. 22 7, pág. 95.
Con base en los principios estatutarios y jurisprudenciales antes reseñados, el Tribunal Supremo en Pueblo v. Rivera Alicea, supra, a la pág, 7282, resumió los criterios que debe utilizar el juzgador para *1183 resolver una moción al amparo del inciso (p) de la Regla 64 de Procedimiento Criminal. Estos son:

"1. El Tribunal debe examinar la prueba de cargo y de defensa vertida en la vista de causa probable, así como la prueba del acusado en apoyo de la moción.

2. A la luz de los elementos del delito imputado el juzgador debe determinar si la prueba establece la probabilidad de que están presentes todos los elementos, a saber, la probabilidad de que se haya cometido tal delito imputado, así como la existencia de prueba que conecte al imputado con su comisión.

3. El hecho de que ajuicio del magistrado la prueba sometida demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar base a la desestimación.

4. Sólo en ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito, procede decretar la desestimación de la acusación presentada por el solicitante." Véase además, sobre el particular, O.E. Resumil de Sanfilippo, op. cit., págs. 202-203.
Veamos ahora si en las circunstancias particulares del presente caso incidió el tribunal de instancia al negarse a disponer la desestimación de las acusaciones a tenor con lo dispuesto en la Regla 64(p). Es decir, si es que la evidencia aportada por el Ministerio Fiscal en ocasión de la vista preliminar en alzada satisface el "quántum" de prueba necesario para someter al peticionario a los rigores y contingencias de un juicio penal. En el proceso utilizaremos como guía los elementos del delito imputado para determinar si la pmeba aportada establece la probabilidad de que estén presentes todos los elementos, así como la existencia de prueba que vincule al imputado con su comisión. Luego examinaremos el alcance del dictamen del tribunal que privó al peticionario de la oportunidad de presentar prueba a su favor en ocasión de la vista preliminar.
III
En el caso que nos ocupa, se le imputan al Sr. Andaluz Méndez dos infracciones al artículo 87 del Código Penal. El referido estatuto dispone:
"Cuando en la muerte ocasionada por una persona al conducir un vehículo de motor mediare imprudencia crasa o temeraria, se impondrá pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cuatro (4) años. La imprudencia crasa o temeraria es aquella de tal naturaleza que demuestre un absoluto menosprecio de la seguridad de los demás bajo circunstancias que probablemente produzcan daños a éstos y no significa una mera falta de cuidado." 33 L.P.R.A. §4006.
Del texto anteriormente citado se desprende que son tres los elementos constitutivos de dicho delito, a saber: (1) provocar la muerte a un ser humano; (2) al conducir un vehículo de motor; (3) mediando impmdencia crasa o temeraria. Aparte de la definición de este último elemento que se desprende del propio artículo 87, la jurisprudencia ha definido la imprudencia crasa como la
"[fjalta de previsión de los riesgos más naturales e inmediatos de los propios actos, capaces de producir daños a las personas y en las cosas. La imprudencia temeraria, cuando estos daños llegan a verificarse, hace incurrir en responsabilidad criminal; pues aunque falte en la producción del evento dañoso la malicia o estado de espíritu delictivo del agente, el temerario imprudente revela ser un sujeto peligroso de temibilidad notoria [...]. Pueblo v. Telmaín, 45 D.P.R. 447, 452 (1933); Dora Nevares-Muñiz, Código Penal de Puerto Rico, Revisado y Comentado, 1993, págs. 130-131."
Analizados los testimonios antes reseñados en el contexto de los tres elementos del delito imputado, forzoso resulta concluir que está presente la "scintilla" de evidencia necesaria para establecer causa probable. En particular, las observaciones del Sr. Barranco Francois en el sentido de que el vehículo del peticionario se desplazaba con las luces apagadas; a velocidad excesiva por el carril izquierdo de la Avenida Ponce de León en un área de 25 millas; y que la colisión provocó que el vehículo del Sr. Rodríguez se elevara, lo cual a su vez es un indicio de velocidad excesiva, son *1184 suficientes para concluir que existe la probabilidad de que el peticionario haya incurrido en la conducta temeraria proscrita y para conectarlo con la comisión del delito. Forzoso resulta entonces concluir que contrario a lo argumentado por el peticionario en su comparecencia, no estamos ante un caso de "ausencia total de prueba sobre uno o varios de los elementos del delito imputado", por lo que no incidió el tribunal de instancia al denegar su solicitud de desestimación.
Por otro lado, el peticionario argumenta en apoyo de su moción bajo la Regla 64(p) que la juez que presidió la vista preliminar en alzada violó el derecho que alegadamente le confiere la Regla 23 de las de Procedimiento Criminal a presentar testigos a su favor. Así postula que ello de por sí constituye base para decretar la desestimación de las acusaciones por no ajustarse a derecho la determinación de causa probable que dio base a la radicación de las mismas. Tampoco le asiste la razón al peticionario en tal argumentación.
Como bien se ha expresado, la vista preliminar en Puerto Rico está diseñada con un doble propósito. Por un lado, revisar la legalidad de la detención (visión retrospectiva). Por otro lado, examinar la probabilidad de culpabilidad o inocencia del acusado, ello con el propósito de evitar ulteriores procedimientos innecesarios (visión prospectiva). Pueblo v. Rodríguez Aponte, supra, 666-667. Es decir, su propósito "es evitar que se someta a un cuidadano en forma arbitraria e injustificada a los rigores de un proceso criminal". Pueblo v. López Camacho, 98 D.P.R. 700, 702 (1970). Brinda así "la oportunidad para que el Ministerio Fiscal demuestre que existe causa probable para creer que se ha cometido un delito y que la persona ante el juez instructor lo cometió. Una vez que ésto queda demostrado, la vista ha cumplido su propósito de ley..." Id. Con esta visión ha expresado el Tribunal Supremo que "una vez el juez instructor se ha convencido de la existencia de causa probable puede, dentro de su facultad para reglamentar la presentación de prueba de la defensa, decidir no seguir escuchando prueba, o sea, no escuchar la prueba de la defensa". El Vocero v. E.L.A., supra, a la pág. 9843. Así se ha resuelto que el derecho que le reconoce la Regla 23 de Procedimiento Criminal al imputado "a ofrecer prueba a su favor en la vista preliminar"...no es irrestricto ni absoluto. Pueblo v. Rodríguez Aponte, supra, pág. 668.
En Pueblo v. Cruz Bayona, 124 D.P.R. 568 (1989), el Tribunal Supremo tuvo ante sí una situación análoga. En este caso el tribunal de instancia no le reconoció al imputado el derecho al amparo de lo dispuesto en la Regla 23(c) de Procedimiento Criminal para contrainterrogar al único testigo de cargo que fue aportado por el Ministerio Fiscal en ocasión de la vista preliminar. Una mayoría del Tribunal resolvió, mediante sentencia, que el Ministerio Fiscal "presentó la prueba mínima necesaria para demostrar que se había cometido un delito, y existía causa probable para creer que los imputados...lo habían cometido", [...ello para concluir que] "aún al tachar esa limitación en el contrainterrogatorio como una irregularidad, [los imputados] no han demostrado que la misma les perjudicara sustancialmente". Ibid., a la pág. 571. Confirmó así el dictamen del tribunal de instancia que denegó una moción para desestimar basada en la Regla 64(p). 
Ciertamente, "[e]l alcance y extensión del derecho del imputado a ofrecer prueba a su favor [durante la vista preliminar] no ha sido interpretado con claridad" por el Tribunal Supremo. O. E. Resumil de Sanfilippo, op. cit., pág. 380. Evidente nos resulta, no obstante, que conforme a la finalidad y propósito de la vista preliminar, según interpretado su alcance por el Tribunal Supremo, la frase en la Regla 23(c) que reconoce al imputado la facultad de "ofrecer prueba a su favor, debe interpretarse a tenor con el "quantum" de prueba requerido en esta etapa procesal." Ibid., pág, 381. En consonancia con tal intención legislativa, el Tribunal Supremo ha expresado que en la vista preliminar, el imputado tiene derecho a contrainterrogar a los testigos de cargo y a presentar prueba de defensa que derrote la probabilidad de su vinculación con el delito como autor del mismo. Pueblo v. Vélez Pumarejo, 113 D P R. 349, 354 (1982); Pueblo v. Rivera Rodríguez, 140 D.P.R._(1995), 95 J.T.S. 36, a la pág. 746. No obstante este reconocimiento, nuestro más alto foro ha sido consistente al sostener que el derecho del imputado a contrainterrogar testigos de cargo y presentar prueba de defensa durante la vista preliminar no es irrestricto ni absoluto, toda vez que la vista preliminar no es ni debe convertirse en un mini-juicio o juicio preliminar. Pueblo v. Rodríguez Aponte, supra, a la pág. 667. Ello lo enmarca dentro del ámbito de la discreción judicial, por lo que ”[u]na vez el juez instructor se ha convencido de la existencia de causa probable puede, dentro de su facultad para reglamentar la presentación de prueba de la defensa, decidir no seguir escuchando prueba, o sea, no escuchar prueba de la defensa." El Vocero v. E.L.A., supra, a la pág. 9843. Estas expresiones *1185 encarnan el criterio adoptado por la mayoría de nuestro Tribunal Supremo y, como tal, venimos obligados a acatarlo independientemente de nuestra propia postura y del texto literal de la Regla 23 de las de Procedimiento Criminal. Para concluir, ningún ofrecimiento de prueba hizo el peticionario en ocasión de la vista preliminar, ello luego de la prueba aportada por el Ministerio Fiscal y el dictamen del tribunal a los efectos de que la misma era suficiente para satisfacer el "quántum" de prueba necesario para establecer causa probable para autorizar la radicación de acusaciones criminales por los delitos imputados, para mover la discreción del tribunal al solicitar se le permitiera aportar prueba de defensa.
Dejó así de colocar a este Foro revisor en condición de determinar si incurrió en abuso de discreción el tribunal de instancia al así dictaminar. Tampoco ha alegado el peticionario, ni surge de los autos, que la negativa del tribunal le perjudicara sustancialmente. Resolvemos en consecuencia que ningún fundamento meritorio existe para intervenir con la discreción ejercitada por el tribunal de instancia al limitar el derecho del peticionario a aportar prueba durante la vista preliminar. En este contexto, la determinación de causa probable que es objeto de impugnación se ajustó a la ley y a derecho y el tribunal recurrido dictaminó con corrección al denegar la moción de desestimación que es objeto del recurso que nos ocupa, basada en la Regla 64(p) de Procedimiento Criminal.
IV
Por los fundamentos consignados se expide el auto solicitado y se confirma la resolución recurrida para ordenar la continuación de los procedimientos ante el tribunal de instancia.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 302
1. Véase Minuta, pág. 12 del Apéndice de la Petición de Certiorari.
2. Véanse págs. 5-9 del Apéndice de la petición de Certiorari.
3. Véase Petición de Certiorari, pág. 3, así como el resumen de los testimonios preparados por el propio peticionario, págs. 5-6 del Apéndice de la petición de Certiorari.
4. Véase Petición de Certiorari, pág. 4. (Subrayado nuestro.)

5. Id.

6. Véase página 8 del Apéndice de la petición de Certiorari.
7. El Juez Asociado Rebollo López emitió Opinión Disidente, a la cual se unió el Juez Asociado Hernández Denton, por considerar que tal limitación al derecho de contrainterrogar en la vista preliminar alcanzaba a una violación al debido proceso de ley.
8. En lo pertinente al caso ante nuestra consideración, el inciso (c) de la Regla 23 de Procedimiento Criminal dispone:

"(c) Procedimiento durante la vista.

Si la persona compareciere a la vista preliminar y no renunciare a ella, el magistrado deberá oir la prueba. La vista será privada a menos que al comenzar la misma la persona solicitare que fuere pública. La persona podrá contrainterrogar a los testigos en su contra y ofrecer prueba en su favor. El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba. Al ser requerido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su 
*1186
poder de los testigos que haya puesto a declarar en la vista. Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario exonerará a la persona y ordenará que sea puesta en libertad."