Córdova Arone, Juez Ponente
*1323 TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso se solicita la revisión de una orden dictada por el Tribunal de Primera Instancia, Sala de Aibonito (Hon. Aurelio Gracia Morales, J.), de 6 de octubre de 1995. Mediante la referida resolución se declaró no ha lugar una moción de desestimación al amparo de la Regla 64 (p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 64 (p). Se confirma la resolución recurrida, no obstante, consideramos prudente hacer una cronología de los hechos que dieron lugar a la controversia de autos y del estado de derecho que le cobija.
I
En el caso ante nuestra consideración se acusó al Sr. Angel M. Morales Ortiz y al Sr. Julio C. Torres Benitez por alegada infracción del Art. 401 de la Ley de Sustancias Controladas, L.P.R.A. see. 2401. Se les imputó haber vendido actuando en concierto y mutuo acuerdo la sustancia controlada conocida como cocaína al agente encubierto René Pérez Feliciano.
La vista preliminar del caso se celebró el día 16 de agosto de 1995, ante el Hon. Armando Escabí, J. Comenzado el contrainterrogatorio del agente encubierto, la defensa comenzó a indagar la forma en que aquél llevó a cabo su investigación con el propósito de establecer la relación entre el agente y los imputados. El magistrado que presidía la vista alegadamente pidió al fiscal y a los abogados que se acercaran al estrado y les indicó que debían ir directo a los hechos aduciendo que tenía la sala llena y que no iba a permitir "fishing expedition".
Los abogados de la defensa continuaron su contrainterrogatorio haciendo preguntas acerca de las circunstancias en que el agente se había infiltrado en las supuestas actividades delictivas de los imputados y en relación con las personas que había conocido durante ese período. En varias ocasiones la defensa fue interrumpida por el magistrado quien alegadamente restringió el contrainterrogatorio. Se determinó causa probable para acusar a los peticionarios por el delito imputado.
El día 1 de septiembre de 1995, la defensa presentó una moción al amparo de la Regla 64 (p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 64 p, solicitando la desestimación de la acusación presentada contra los peticionarios de epígrafe. En la referida moción los peticionarios alegaron, en síntesis, que su derecho constitucional a confrontación fue violado al limitarse el alcance del contrainterrogatorio.
El 6 de octubre de 1995, el Tribunal de Primera Instancia dictó la orden que es objeto del presente recurso declarando no ha lugar la moción presentada por la defensa. 
II
Es necesario determinar la naturaleza, propósito y alcance de la vista preliminar para así definir los derechos del acusado en la celebración de la misma. En este caso en particular, nos corresponde definir cuál es el alcance del contrainterrogatorio en dicha vista preliminar.
La vista preliminar, según lo establece la Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. IIR 23, es un procedimiento para la determinación de causa probable para acusar al imputado de delito grave. Esto significa que para someter a una persona a un juicio por delito grave, el Ministerio Público debe obtener en dicha vista una determinación de causa probable para acusar, a menos que el imputado renuncie a la misma. De lo contrario no se podrá presentar acusación por dicho delito.
*1324 En repetidas ocasiones el Tribunal Supremo de Puerto Rico ha resuelto que el propósito evidente de la vista preliminar es "evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal". Según el profesor de derecho Ernesto L. Chiesa, la frase "forma arbitraria" utilizada por la jurisprudencia "debe entenderse en el sentido de que es insuficiente la determinación de causa probable para el arresto, por razón de que el denunciante puede sin razón válida alguna imputar un delito, y en virtud de la naturaleza no adversativa de la determinación de causa probable para el arresto o citación -que puede hacerse en ausencia del imputado se someta "arbitrariamente" a un ciudadano a un juicio por delito grave. El resultado es que es injusto someter al ciudadano al rigor de un juicio por delito grave sin previa oportunidad de una vista adversativa donde se justifique la celebración de un juicio". 
En Pueblo v. Rodríguez Aponte, 116 D.P R. 653 (1985), el Tribunal Supremo ofreció una descripción general de la institución de la vista preliminar según reglamentada por la jurisprudencia al destacar las siguientes características de la misma: "(1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es un "mini juicio"; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley". Por otro lado, como bien se estableciera en Hernández Ortega v. Tribunal Superior, 102 D.P.R 765 (1974), la vista preliminar es un mecanismo que sirve el propósito de impedir que acusaciones frívolas e insustanciales recarguen la labor del sistema de justicia, consumiendo el tiempo de los jueces, fiscales, jurados y demás funcionarios que han de intervenir en el juicio.
En Rodríguez Aponte, supra, nuestro más alto'foro estableció claramente que la génesis de la vista preliminar es estatutaria, no constitucional. Esta conclusión fue sostenida en el caso Vocero de Puerto Rico v. E.L.A., 92 JTS 108, 132 D.P R._(1992). Allí el Tribunal Supremo hizo un completo análisis del origen, naturaleza y alcance de esta vista en nuestra jurisdicción.
Por ser de naturaleza estatutaria, el magistrado que preside la vista preliminar puede limitar el contenido del contrainterrogatorio de manera que no se desvirtúe el propósito de la misma convirtiendo la vista en un "mini juicio". La jurisprudencia ha sido enfática sobre este particular. Por otro lado, si bien es cierto que los imputados tienen derecho a contrainterrogar a los testigos en la vista preliminar, hay que tener claro que dicho derecho no es ilimitado.
Quedando establecido que la vista preliminar es una de naturaleza estatutaria donde el derecho a contrainterrogar los testigos de cargo no es absoluto pudiendo ser limitado por el magistrado que preside la vista, resta examinar si el Tribunal de Primera Instancia actuó arbitrariamente al limitar el alcance de la misma.
En el caso de autos la actuación del magistrado estuvo dirigida a limitar la extensión del contrainterrogatorio de manera que se evitaran dilaciones innecesarias y una exploratoria de pruebas ("fishing expeditionEn el caso de autos la defensa tuvo la oportunidad de contrainterrogar al testigo de cargo en controversia, no obstante haber sido interrumpido por el magistrado y habérsele limitado la extensión del contrainterrogatorio. No se ha probado a este Tribunal que dicha situación menoscabara derecho alguno de los imputados. Tampoco se ha probado que haya ausencia total de prueba que impida la determinación de causa probable para acusar.
La vista preliminar no es el momento para presentar toda la prueba disponible. De permitirse prolongar la extensión de la misma a discreción de las partes se desvirtuaría el propósito de la misma convirtiéndose en un "mini juicio", lo que ha sido rechazado por la jurisprudencia.
Por los fundamentos antes expuestos, se confirma la orden recurrida.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
*1325 María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 3
1. La orden dictada por el tribunal a quo lee de la siguiente manera: "No ha lugar. La moción no establece que hubiese ausencia total de prueba".
2. Pueblo v. Rodríguez Aponte, 116 D.P.R 653 (1985); Pueblo v. Osio Opio, 104 D P R. 165 (1975); Pueblo v. Figueroa Castro, 102 DPR 279 (1974); Pueblo v. López Camacho, 98 D.P.R. 700 (1970).
3. E. L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Forum, 1993, Vol III, pág. 64.