Colón Birriel, Juez Ponente
*847 TEXTO COMPLETO DE LA RESOLUCIÓN
I
Yismel Rodríguez Vélez (el “peticionario”) solicita la revocación de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Harry Massanet Pastrana, Juez) el 20 de octubre de 2004. Mediante el dictamen se declaró No Ha Lugar su solicitud de desestimación bajo las disposiciones de la Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64 (p), en el caso El Pueblo de Puerto Rico v. Yismel Rodríguez Vélez, Crim. Núm. FPD04G0535 al 38, por infracciones al Artículo 168 del Código Penal de Puerto Rico, 33 L.P.R.A. § 4274.
Resolvemos, con el beneficio de la petición, no sin antes exponer lo acontecido en el foro recurrido (el “TPF).
II
Por hechos alegadamente ocurridos, allá en o para el 9 y 12 de febrero, 3 y 18 de marzo 2004 en la jurisdicción de Carolina, se presentaron cuatro (4) denuncias contra el peticionario, imputándole haber infringido el Artículo 168 del Código Penal en su modalidad grave. Luego de determinarse causa probable para su arresto, se señaló la vista preliminar al amparo de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23.
El 28 de junio de 2004, se celebró la vista preliminar ante la Honorable Juez Inés Y. Rivera Aquino, determinándose causa probable para acusar en todos y cada uno de los cuatro (4) delitos en su modalidad menos grave. Inconforme, el Ministerio Público, en representación del recurrido El Pueblo de Puerto Rico (“el Pueblo”), notificó su intención de acudir en vista preliminar en alzada conforme a las disposiciones de la Regla 24 de Procedimiento Criminal, supra.
El 12 de agosto de 2004, se celebró la vista preliminar en alzada ante el Honorable Juez Ángel D. Ramírez Ramírez. En dicha audiencia, el Ministerio Público presentó como testigos a la señora Carmen Venegas Andino (“Venegas Andino”), al gemólogo señor Carlos de Otis y al agente Víctor Vicente. Transcribimos del resumen provisto por el peticionario lo acontecido en la vista preliminar en alzada. Conforme a dicha sinopsis, Venegas Andino declaró en el interrogatorio del Ministerio Público como sigue:

“El día de los hechos buscó en un armario de su cuarto donde guardaba sus prendas y que ella era la única que sabía donde estaban, y se percató que en las cajitas de prendas faltaban pantallas, cadenas y pulseras. Al no encontrarlas, fue a la residencia de la joven que limpiaba su casa, S.G.C. (menor de edad para esa fecha), a preguntarle si sabía en donde estaban las prendas. Indicó que la joven le admitió que hurtó las prendas y que posteriormente se las dio a su compañero consensual, Yismel Rodríguez Vélez (el peticionario), para que las empeñara porque él era el único que tenía licencia de conducir. La testigo expresó que el 23 de marzo de 2004, la joven le devolvió unas prendas y le dijo que no tenía prendas adicionales, por lo que el Agente Reyes procedió a presentar las denuncias. Luego fue a Fiscalía para identificar si alguna de las prendas que fueron llevadas por el dueño de la casa de empeño, quiEn había sido citado ese día, era propiedad suya. Ella identificó unas prendas como suyas, la policía las retuvo y se las devolvieron el 8 de mayo de 2004. No sabía el valor de las prendas porque no tenía las facturas, ya que habían sido obsequiadas por su compañero. No obstante, siguiendo la recomendación de la Juez que presidió la vista preliminar contrató a un gemólogo. Se marcaron como exhibits una serie de prendas que la testigo identificó. La testigo identificó en sala al señor Rodríguez Vélez, compañero de S.G.C.”

Durante el contrainterrogatorio a la señora Venegas Andino, según informa el peticionario, el Juez Ramírez expresó:

“Esto es una V.P.A. para determinar si la cuantía por la cual se alega que hay una infracción al Artículo 168 
*848
del Código Penal sobrepasa la cantidad especificada para establecer si es grave o menos grave. Eso es todo lo que yo tengo que ver aquí. Me están convirtiendo esto en un juicio.... Vamos a tratar de circunscribimos a lo que tenemos aquí. Ya va a haber tiempo, ya hay una determinación de causa por un menos grave, que... que definitivamente va a haber un juicio aquí. Ya sea por menos grave o si el Tribunal determina por grave, por grave. En cualquiera de las circunstancias que haya va a haber un juicio aquí y va a haber oportunidad de establecer, que es lo que tenemos ante nuestra consideración. Hay una determinación que la Juez hace. Determina menos grave un Artículo 168, ¿porqué? Vamos directamente a la denuncia, ¿porqué el menos grave? Dígame porqué el menos grave, dígame si no es por cuantía. Si hubiera sido porque la cuantía es mayor de $200, mire tranquilamente ahí mismo viene la Juez y determina por grave porque se radicó como grave. Ella rebaja los delitos a menos grave. Que hace el Fiscal, ir en V.P.A. para los únicos fines de esos aspectos, eso es todo y entonces estamos pasando aquí toda la prueba como si yo fuera a hacer una determinación, como si no hubiera existido causa originalmente. ”

Por su parte, el gemólogo Carlos de Otis, luego de ser cualificado como perito, declaró que:

“hacía trabajos como tasador para varias joyerías, entre éstas Gordon’s. Que la señora Venegas llevó las prendas a la mencionada joyería para que él las inspeccionará, tasara e informara el costo de reemplazo de las mismas. Para este caso, hizo un “appraisal” que fue admitido como exhibit y en el cual hizo constar la descripción de la prenda, el peso, color, etc. Conforme su conocimiento, el testigo indicó que el valor de los cuatro grupos de prendas admitidos en evidencia excedía los $200.00. ”

Finalmente, el Agente del C.I.C. Víctor Vicente expresó:

“que el 24 de marzo le fue asignado este caso. Entrevistó al señor Rodríguez Vélez y éste expresó que su esposa S.G.C. le dio las prendas para que él las empeñara porque era el único que tenía licencia de conducir. El agente identificó en sala al señor Rodríguez Vélez. El testigo declaró que cuando entrevistó al señor Rodríguez Vélez, éste no le indicó que conocía que las prendas eran hurtadas. ”

Finalizada la prueba, el Juez Ramírez señaló que a nivel de V.P.A. correspondía única y exclusivamente dirimir lo relativo al valor de la propiedad. Luego de ello determinó causa probable para acusar al peticionario en los cuatro (4) cargos que le fueron imputados originalmente en su modalidad grave.
El 30 de agosto de 2004, el Ministerio Público presentó las acusaciones, celebrándose posteriormente, el correspondiente acto de lectura de acusación. Así las cosas, el 4 de octubre de 2004, el peticionario solicitó la desestimación de las acusaciones en virtud de la Regla 64(p) de Procedimiento Criminal, supra. Argumentó que la determinación de causa probable para acusarlo fue contraria a derecho: a) toda vez que el Ministerio Público no presentó prueba alguna sobre el conocimiento del peticionario en cuanto a la procedencia de las prendas; y b) que el Juez que presidió la vista preliminar en alzada resolvió considerar únicamente la prueba sobre el elemento del valor o cuantía de los bienes, por entender que al existir una determinación previa de causa probable para acusar por los delitos imputados, en su modalidad menos grave, el único aspecto a dirimir era si el valor de éstas excedía los $200.00.
Por su parte, el Ministerio Público se opuso a la desestimación. Luego de evaluar la prueba y exponer el derecho aplicable, el Hon. Juez Ramírez determinó causa probable para acusar.
El Honorable Juez Harry Massanet Pastrana, quiEn entendió en la solicitud de desestimación, la declaró No Ha Lugar. Expresó que la prueba recibida demostraba la existencia de causa probable para acusar y que el mejor mecanismo para revisar una determinación carente de prueba suficiente, lo constituía la pronta ventilación del juicio, el que señaló para el 17 de diciembre de 2004.
*849 Inconforme, el peticionario le imputa al TPI errar: a) al declarar No Ha Lugar su solicitud de desestimación, a pesar de que el Ministerio Público no cumplió con su obligación de presentar prueba sobre cada uno de los elementos del delito y su conexión con éstos; y b) que la determinación de causa probable en la vista preliminar en alzada fue contraria a la ley y al derecho, toda vez que el magistrado que entendió en la misma, circunscribiendo su función a dirimir específicamente el elemento de la cuantía, para determinar si los delitos ante su consideración eran graves o.menos graves.
III
Por considerar que los errores señalados están estrechamente relacionados, los discutiremos en conjunto, al igual que lo hizo el peticionario.
La Regla 23 de Procedimiento Criminal, supra, es la fuente estatutaria reguladora de la vista preliminar en todo proceso criminal donde se impute la comisión de un delito grave. Su función básica es determinar si existe o no causa probable para creer que se ha cometido un delito y que el acusado lo cometió. Pretende evitar que se someta a un ciudadano arbitraria e injustificadamente a los rigores de un proceso criminal. Pueblo v. Ríos Alonso, 149 D.P.R. 761, 766 (1999); Pueblo v. Ortiz Rodríguez, 149 D.P.R. 363, 374 (1999); Pueblo v. Andaluz Méndez, 143 D.P.R. 656, 661 (1999); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663 (1985); Pueblo v. Figueroa Castro, 102 D.P.R. 279, 284 (1974); Pueblo v. López Camacho, 98 D.P.R. 700, 702 (1970).
La vista preliminar no es un procedimiento para la adjudicación final de la inocencia o culpabilidad de la persona a quien se le ha imputado la comisión de un delito grave, Pueblo v. Ortiz Rodríguez, 149 D.P.R., a la pág. 374; Pueblo v. Rivera Alicea, 125 D.P.R. 37, 41 (1989). Aunque su función es propiamente judicial, no se trata de un mini juicio. Por lo tanto, el Ministerio Público no está obligado a presentar prueba de tal manera convincente como para sostener una convicción. La responsabilidad del Ministerio Público se cumple con presentar prueba que demuestre que a juicio del magistrado establezca la comisión de un delito y la probabilidad de que el imputado lo cometió. Pueblo v. Rodríguez Aponte, 116 D.P.R., a la pág. 663. Es decir, la vista preliminar opera en términos de probabilidades.
En la vista preliminar, tanto el Ministerio Público como el imputado pueden presentar prueba y contrainterrogar a los testigos adversos. Sin embargo, en esa etapa, los ámbitos del interrogatorio directo y del contrainterrogatorio no son irrestrictos. Así, que cuando el magistrado llega al convencimiento judicial de que la prueba es suficiente para una determinación de causa probable, puede limitar el contrainterrogatorio y suprimir la prueba de defensa. Pueblo v. Cruz Bayona, 124 D.P.R. 568, 571 (1989)
Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado lo detendrá inmediatamente y autorizará la presentación de la o las acusaciones correspondientes para que responda ante la sección y sala pertinente del Tribunal de Primera Instancia; de lo contrario lo exonerará y lo pondrá en libertad. La determinación judicial de que existe causa probable constituye, así, la autorización para acusar. (Citas Omitidas.) Pueblo v. García Saldaña, Op. de 30 de junio de 2000, 2000 J.T.S. 121, a la pág. 1519.
Por el contrario, si a juicio del magistrado la prueba demostrare la inexistencia de causa probable, o de determinarse que existe causa probable por un delito inferior al imputado originalmente, el Ministerio Público podrá someter el asunto con la misma prueba o con prueba distinta a un magistrado de categoría superior, conforme lo establece la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 24 (c), que dispone como sigue:

"Regla 24. Procedimientos posteriores

(c) Efectos de la determinación de no haber causa probable

*850
Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. ”

Esta segunda vista preliminar (vista preliminar en alzada) no es una apelación de la primera, sino que es una vista independiente, separada y distinta. Pueblo v. Cruz Justiniano, 116 D.P.R. 28, 30 (1984). Se trata de una segunda vista preliminar donde el magistrado tiene igual función de determinar si la prueba presentada establece todos los elementos del delito y la probabilidad de que el imputado lo hubiere cometido.
No obstante, del magistrado determinar que existe causa probable para acusar, el imputado, de entenderlo procedente, podrá atacar su determinación y rebatir la presunción legal de corrección que goza su determinación. El mecanismo para ello es la Regla 64(p) de Procedimiento Criminal, supra, que en lo pertinente, dispone como sigue:

“Regla 64. Fundamentos de la Moción Para Desestimar

La moción para desestimar la acusación o la denuncia, ó cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las. mismas, sin que se hubiera determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. ”

Así pues, la desestimación de la acusación, bajo la Regla 64(p); supra, procede únicamente cuando existe una “ausencia total de prueba que demuestre la existencia de causa probable para creer que el acusado cometió el delito que se le imputa.” Pueblo v. Tribunal Superior, 104 D.P.R. 454, 459 (1975).
Como hemos informado, siempre que la prueba establezca de manera prima facie los elementos del delito, el fiscal no tiene que presentar toda su prueba en la vista preliminar. Pueblo, 125 D.P.R., a la pág. 42. Es decir, en esta etapa, el Ministerio Público no tiene que probar su caso más allá de duda razonable. Pueblo v. Figueroa Castro, 102 D.P.R., a la pág. 284; si no que basta que se presente “alguna prueba que demuestre que existe causa probable para creer que el acusado cometió el delito...” imputado. Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594 (1992). En otras palabras, la responsabilidad del Ministerio Público se cumple con presentar prueba que demuestre que es probable que determinado delito ha sido cometido y que es probable que lo cometió el imputado. Pueblo v. Ortiz Vega, 149 D.P.R. 363, 374-375 (1999).
Además, sobre la desestimación de una acusación, bajo el inciso (p) de la Regla 64, supra, indica el profesor Ernesto L. Chiesa Aponte, en su obra Derecho Procesal Penal de P.R. y E. U., lo siguiente:
“En relación con el efecto de la desestimación bajo la regla 64(p) -esto es, por no haberse determinado causa probable válidamente, para el arresto (o citación) o para acusar-, lo primero que hay que preguntarse es si estaría a tiempo una nueva vista de causa probable. Si ya hubo una vista preliminar en alzada y fue ahí donde el Ministerio Fiscal obtuvo la determinación de causa probable para acusar- pero que se dejó sin efecto por el tribunal que declaró con lugar la moción bajo la Regla 64(p)-, no hay una tercera oportunidad para el fiscal, dentro del mismo procedimiento, para obtener válidamente una determinación de causa probable para presentar la acusación. Si la determinación de causa probable para acusar la obtuvo el Ministerio Público en vista preliminar -aunque luego se invalidó bajo la Regla 64(p)-, habría que considerar si el Ministerio Público está a tiempo para solicitar y celebrar la vista preliminar en alzada. Si ya no hay tiempo para celebrar la vista *851 preliminar en alzada, la desestimación de la acusación bajo la Regla 64(p), por no haberse determinado causa probable para acusar con arreglo a la ley y a derecho, impediría el inicio de un nuevo procedimiento, en virtud de la jurisprudencia del Tribunal Supremo. ” Ernesto L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Volumen IH, Editorial Forum 1993, a las págs. 258-259.
Como hemos señalado, contra el peticionario se presentaron cuatro acusaciones (4) por infracciones al Artículo 168 del Código Penal, supra, en su modalidad grave. Las acusaciones consistían en que “recibió retuvo, transportó y dispuso de un bien mueble ajeno perteneciente a la señora Venegas Andino, como lo son prendas de oro, por valor de $200.00, a sabiendas de que los mismos fueron obtenidos deforma ilícita mediante apropiación ilegal.” Mediante el Artículo 168 se sanciona a “toda persona que compre, reciba, retenga, transporte, cargue o disponga de algún bien mueble a sabiendas de que fue obtenido mediante apropiación ilegal... ”, Si el valor de los bienes apropiados fuere menor de doscientos dólares ($200.00), el delito es menos grave; por el contrario si el valor excediere de doscientos dólares ($200.00), el delito es de naturaleza grave.
Como dijéramos anteriormente, en la vista preliminar en alzada, la prueba presentada por el Ministerio Público consistió en los testimonios de la señora Venegas Andino, el gemólogo Carlos de Otis y del agente Víctor Vicente. En su recurso, el peticionario ataca la suficiencia de la prueba. Este señalamiento carece de mérito; basta leer los testimonios de los testigos presentados por el Ministerio Público para concluir que la determinación de causa probable del magistrado estA fundada en prueba suficiente que configura el delito imputado.
Por otro lado, del examen a la prueba presentada, encontramos, distinto a lo expresado por el peticionario, que no hay ausencia total de prueba respecto al elemento de conocimiento o el “a sabiendas” esencial para configurar el delito tipificado en el Artículo 168 del Código Penal. Es altamente conocido que la mera posesión de los bienes apropiados ilegalmente, no es por sí sola suficiente para sostener una convicción por ese delito. No obstante, en ausencia de prueba directa sobre el acto de la apropiación ilegal (procedencia de los bienes), la posesión por el acusado de la propiedad recientemente hurtada, unida a otras circunstancias del caso puede establecer el “a sabiendas”.
Acorde con el testimonio de la señora Venegas Andino, el día de los hechos buscó en un armario de su cuarto donde guardaba sus prendas y encontró que faltaban pantallas, cadenas y pulseras. Al no encontrarlas se dirigió a la residencia de la joven menor que limpiaba su casa y le preguntó si sabía donde estaban; la joven le admitió que las hurtó y se las dio a su compañero consensual (el peticionario) para que las empeñara porque él era el único que tenía licencia de conducir. Posteriormente, el peticionario empeñó las prendas en una casa de empeño. El gemólogo Carlos de Otis, perito en tasación de prendas, declaró que las prendas tenían un valor en exceso de los $200.00. Por su parte, el agente Vicente investigó los hechos y acusó al peticionario, quien, en lo pertinente, le indicó que desconocía que las prendas fueran hurtadas.
En el presente caso, no existe prueba directa de que el peticionario sabía que las prendas fueron obtenidas mediante apropiación ilegal. Sin embargo, a nuestro juicio, existen circunstancias que justifican poder inferir el elemento de “a sabiendas”, entre otras, la posesión del peticionario de las prendas recientemente hurtadas; su conducta y actitud pasiva, sin interrogantes a su compañera consensual sobre la procedencia de las prendas; su conformidad ante su reclamo de que empeñara las prendas y haberlas empeñado posteriormente; no sospechar de su esposa en cuanto a la forma y manera en que llegaron las prendas a su posesión, quien trabaja como empleada de limpieza y quien presumimos no cuenta con suficientes recursos para adquirirlas.
Por último, no percibimos error alguno en tomo a que el magistrado que presidió la vista preliminar limitara el contrainterrogatorio de la defensa al aspecto del valor de los bienes apropiados. Sabido es que el magistrado está facultado para regular el contrainterrogatorio razonablemente, máxime una vez, como en este caso, había llegado a su convencimiento judicial de que la prueba era suficiente en derecho para determinar causa probable. No obstante, considerando esa limitación al contrainterrogatorio como una irregularidad, el peticionario no ha *852 demostrado que ello le perjudicara sustancialmente.
En mérito a lo expuesto, denegamos la expedición del auto de Certiorari solicitado por el peticionario.
Notifíquese inmediatamente por telefax y por correo ordinario al Juez Massanet Pastrana y los demás concernidos.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Aida Ileana Oquendo Graulau
Secretaria General